Filed Nov. 16, 1894

———————◆———————

No. 16,722.

FITCH v. THE SEYMOUR WATER COMPANY.

MUNICIPAL CORPORATION.—City.—Ordinance.—Water Company.—Police Regulation.—An ordinance in relation to a water company, for protection against fire, is not a police regulation, nor one which the municipality is under obligation to enact or enforce.

SAME.—City Ordinance.—Governmental Measure.—Water Company.—Insufficient Water Pressure.—Loss by Fire.—Liability.—Such an ordinance is a governmental measure which the city might enact or not, as seemed best. There is no public duty under such ordinance, the violation of which would render the city or the water company liable to any one who might suffer a loss of property by fire because of

an insufficient water pressure, where sufficient pressure might have been supplied and the loss avoided.

SAME.—*Water Company.—No Public Duty.—No Privity in Contract, by Citizens.*—In such case the water company had undertaken no public duty which would make it liable to an inhabitant of the municipality, and the citizen has no privity in the contract of the city with the company.

From the Jackson Circuit Court.

*W. K. Marshall, D. J. Schuyler, W. Olds, R. Applewhite* and *J. F. Applewhite,* for appellant.

*M. Moores* and *O. H. Montgomery,* for appellee.

HOWARD, J.—The appellant brought this action against the Seymour Water Company, charging that he was a citizen and taxpayer of the city of Seymour; that the defendant company was supplying the city with water under a contract which provided that the company "shall constantly, day and night, except in cases of unavoidable accident, keep all of the city hydrants supplied with water, and upon receiving a fire alarm, shall at once furnish sufficient pressure for fire service, not, however, to exceed one hundred pounds to the square inch, and shall keep the fire hydrants in good working order and efficiency for fire service;" and was paid at the rate of four thousand dollars per year for the use of one hundred fire hydrants by the city of Seymour; that the appellant, Fitch, was the owner of a building used by him for the manufacture of chewing gum and other articles, and on November 23, 1891, this building was destroyed by fire, with its contents, belonging to Fitch, of the value of more than twenty thousand dollars; that the city of Seymour had, in all things, fulfilled its contract with the Seymour Water Company as to the payment of rent and other requirements, and that "defendant had machinery, water mains, pipes and hydrants of sufficient capacity and power to have furnished water in

large quantities, sufficient to have extinguished said fire, before plaintiff's property could have been damaged by said fire more than $500, and that defendant owed the duty to plaintiff to furnish water for the extinguishment of said fire as soon as it could possibly be extinguished, and it could have been extinguished within eight minutes after its commencement, and before plaintiff's property had been damaged by said fire more than $500, as aforesaid, if defendant had furnished the pressure of water they could and should have furnished;" that the city of Seymour had two fire companies, organized in the State of Indiana, and under the ordinances of the city of Seymour; that it was the duty of said fire companies, as soon as the fire alarm was given, to go immediately and attach hose to a sufficient number of hydrants, and, by means of said hose, throw the water on said fire; that the alarm of fire was given when said fire was in its incipiency, and before much damage had been done to plaintiff's property; said fire companies went immediately and attached their hose to four different hydrants, which was a sufficient number, and began to throw water on said fire within five minutes after said alarm was given, and could and would have extinguished said fire before plaintiff's property, aforesaid, had been damaged more than $500 if they could have had an ordinary amount of pressure that they usually had from such waterworks, and which said waterworks, and the machinery, had the capacity and power to furnish; and which amount it was the duty of defendant to furnish, but said defendant negligently, carelessly and wrongfully failed to furnish the usual amount of pressure, and did not furnish one-third the amount said works had the capacity and power to furnish, and by reason of said failure, said fire companies could not and

Fitch *v*. The Seymour Water Company.

did not, throw water on said fire in such quantities, and with such force, as to check said fire.

The defendant demurred to the complaint, and its demurrer was sustained, and, on plaintiff's refusal to amend, judgment was rendered in favor of defendant, and the plaintiff appealed to this court.

The appellant contends that, under the facts pleaded and the ordinance, "the relation between the city of Seymour and the defendant was not in the nature of a contract, but was a franchise granted to the defendant by the common council under the powers conferred upon it by the constitution and the laws of the State, and, therefore, has all the binding force of a law, and is, in effect, a statutory enactment."

And that "The obligation of the defendant, therefore, under this ordinance, to the city of Seymour and its inhabitants was not one of contract, but was an obligation created by law, and the duty of the defendant to the city and the inhabitants, including the plaintiff, was a public duty, and one for any breach of which resulting in damage either to the city or its inhabitants (to the plaintiff in the case), the defendant would be liable for such damage."

The appellee holds that "The question is whether water companies, operating under contracts with cities, by which they agree to furnish sufficient water for fire protection, owe such a duty to inhabitants of the cities as to give the inhabitants a right of action against the water company for fire losses occurring through an insufficient supply of water."

And concludes that "The breach of a contract by a water company to furnish water to a municipality for the extinguishment of fires gives the citizen whose property is destroyed by fire no right of action against the water company."

The cases cited by appellant to show a right of action in favor of an inhabitant of a municipality against an individual or a corporation for the violation of an ordinance of the municipality enjoining an obligation or a duty upon the individual or the corporation, are chiefly cases under police ordinances, being cases where the municipality is but an instrument for carrying out the behests of the State; or cases under ordinances for the improvement and care of streets, or like duties, being cases where the control of the municipality was such as to impose upon it an obligation which it consequently owed to the inhabitant for a neglect of duty.

But the ordinance in question is not a police regulation, nor one which the municipality was under obligation to enact or enforce. Under the statute the city had a right to enact an ordinance for protection against fire; but it was not bound to do so. In enacting the ordinance the municipality moved in its governmental capacity, in the general interests of the community. As a means to attain its object, the city contracted with the company for a water supply.

The ordinance, therefore, in so far as the inhabitants of the city and public interests generally were concerned, was a governmental measure which the city might take or not take, as seemed best; and no liability existed against the city for a failure to enact the ordinance, or for a failure to see that it was duly enforced. There could, then, be no public duty under the ordinance, the violation of which would render the city or those appointed to carry out the provisions of the ordinance liable to any one who might suffer. This, we think, follows from our decisions. *Brinkmeyer* v. *City of Evansville*, 29 Ind. 187; *Robinson* v. *City of Evansville*, 87 Ind. 334; *City of Lafayette* v. *Timberlake*, 88 Ind. 330; *Summers* v. *Board, etc.*, 103 Ind. 262.

It must be, consequently, that if there is liability on the part of the company it is because of the terms of the ordinance as a contract with the city, in which contract the inhabitants had an enforceable interest. But while the inhabitants were interested in the contract made for their benefit, we do not think that this interest was such as gave the inhabitants the right to sue for its enforcement, or for damages occasioned by a failure to enforce it.

In a like case, that of *Davis* v. *Clinton Waterworks Co.*, 54 Iowa, 59, the court said: "The city, in exercise of its lawful authority to protect the property of the people, may cause water to be supplied for extinguishing fires and for other objects demanded by the wants of the people. In the exercise of this authority it contracts with defendant to supply the water demanded for these purposes. The plaintiff received benefits from the water thus supplied in common with all the people of the city. These benefits she receives just as she does other benefits from the municipal government, as the benefits enjoyed on account of improved streets, peace and order enforced by police regulation, and the like. It can not be claimed that the agents or officers of the city employed by the municipal government to supply water, improve the streets, or maintain good order, are liable to a citizen for loss or damage sustained by reason of the failure to perform their duties and obligations in this respect. They are employed by the city, and responsible alone to the city. The people must trust to the municipal government to enforce the discharge of duties and obligations by the officers and agents of that government. They can not hold such officers and agents liable upon the contracts between them and the city." See, also, *Becker* v. *Keokuk Waterworks*, 79 Iowa, 419.

In *Fowler* v. *Athens City Waterworks Co.*, 83 Ga. 219, the court said: "It was held in *Willey* v. *Mulledy*, 78

N. Y. 319, that the neglect of a duty imposed by statute would give a right of action to any person having a special interest in its performance, and injured by the breach. The present case is not based upon the breach of a statutory duty, but solely upon failure to comply with a contract made with the municipal government of Athens. To that contract the plaintiff was no party, and the action must fail for want of the requisite privity between the parties before the court. A case directly in point is *Davis* v. *Clinton Waterworks Co.*, 54 Iowa, 59 (6 N. W. Rep. 126). See also *Nickerson* v. *Bridgeport Hydraulic Co.*, 46 Conn. 24. There being no ground for recovery, treating the action as one *ex contractu*, is it better founded treating it as one *ex delicto?* We think not. The violation of a contract entered into with the public, the breach being by mere omission or nonfeasance, is no tort, direct or indirect, to the private property of an individual, though he be a member of the community and a taxpayer to the government. Unless made so by statute, a city is not liable for failing to protect the inhabitants against the destruction of property by fire. *Wright* v. *Augusta*, 78 Ga. 241; 7 Am. and Eng. Encyc. of Law, 997, *et seq.* We are unable to see how a contractor with the city to supply water to extinguish fires commits any tort by failure to comply with his undertaking, unless to the contract relation there is superadded a legal command by statute or express law.'' See, also, *Phœnix Ins. Co.* v. *Trenton Water Co.*, 42 Mo. App. 118; *Britton* v. *Green Bay, etc., Co.*, 81 Wis. 48; *House* v. *Houston Waterworks Co.*, 22 S. W. Rep. (Tex.) 277; *Ferris* v. *Carson Water Co.*, 16 Nev. 44; *Eaton* v. *Fairbury Waterworks Co.*, 37 Neb. 546.

In *Paducah Lumber Co.* v. *Paducah Water Supply Co.*, 89 Ky. 340, a contrary view is taken; but while the

opinion of the court is a very well considered one, yet we do not feel that its reasonings are sufficient to overcome the strong current of reason and authority in favor of the view which we have taken.

We think that under the facts of the case at bar the water company had undertaken no public duty which would make it liable to appellant, and also that appellant had no privity in the contract of the city with the company.

The judgment is affirmed.

Filed June 20, 1894; petition for a rehearing overruled Oct. 9, 1894.