TRUSTEES OF JENNIE DePAUW MEMORIAL METH-
ODIST EPISCOPAL CHURCH v. NEW
ALBANY WATER WORKS.

[No. 24,376.    Filed June 26, 1923.]

1. MUNICIPAL CORPORATIONS.—*Waterworks Companies.—Liabili-
ty to Individuals.*—Under the common law, neither a munici-
pality operating its own waterworks, nor a privately owned
water company serving a city and its inhabitants with water
for domestic purposes and for the purpose of extinguishing
fires, is liable. in damages to any individual for a loss from
fire occasioned by the failure to obtain water from the fire
hydrants to extinguish such fire.    p. 371.

2. STATUTES.—*Construction.—Change in Common Law.*—When
a statute merely declares the rule at common law, with changes,
it will be presumed that the legislature did not intend to make
any change in the common law beyond what it declares either
in express terms or by unmistakable implication.    p. 371.

3. MUNICIPAL CORPORATIONS.—*Waterworks Companies.—Public
Utilities Act.*—The requirement of §7 of the Public Utilities
Act (Acts 1913 p. 167, §7, §10052x3 Burns 1914) that public
utilities shall "furnish reasonably adequate service and facili-
ties" was intended by the legislature merely as an enactment
of the common-law rule, and does not impose on a water-
works company liability to an individual for damages from
fire resulting from an insufficient water supply at the time of
the fire, even though resulting from negligence as to the con-
dition of the fire hydrants.    pp. 371, 373.

4. MUNICIPAL CORPORATIONS.—*Waterworks Companies.—Liabili-
ties to Individuals.—Statute.*—Section 7 of the Public Utility
Acts (Acts 1913 p. 167, §7, §10052x3 Burns 1914), requiring
public utilities to "furnish reasonably adequate service and
facilities," merely continued in force the existing contractual
obligations of a company supplying water to a city and its
inhabitants, and did not extend its obligations to individuals
within the municipality.    p. 373.

5. MUNICIPAL CORPORATIONS.—*Waterworks Companies.—Liabili-
ties to Individuals.—Public Utilities Act.*—The provision of
§116 of the Public Utilities Act (Acts 1913 p. 167, §116,
§10152m4 Burns 1914) making any public utility liable to any
individual or corporation that is "injured" by any unlawful
act of the utility means injured by any actionable wrong, and
since a waterworks company which is engaged in furnishing
water to a municipality and its inhabitants is not liable to a

property owner for loss by fire resulting from an insufficient water supply, it does not create a cause of action for such damage.  p. 374.

6. MUNICIPAL CORPORATIONS.—*Waterworks Companies.*—*Liabilities to Individuals.*—*Manner of Creating.*—The liability of a waterworks company which is engaged in furnishing water to a municipality and its inhabitants to a property owner within the municipality for loss by fire because of an inadequate water supply at the time of the fire cannot be created by implication.  p. 375.

From Washington Circuit Court; *William H. Paynter*, Judge.

Action by the Trustees of Jennie DePauw Memorial Methodist Episcopal Church against the New Albany Water Works.  From a judgment for defendant, the plaintiffs appeal.  *Affirmed.*  (Transferred from Appellate Court under subdivision 2, §1394 Burns 1914.)

*Stotsenburg & Weathers, Hottel & Patrick* and *Hottel & Mead,* for appellants.

*George H. Voight, George H. Hester, Mitchell & Mitchell, Charles Remster, Henry H. Hornbrook, Albert P. Smith, Montgomery & Montgomery* and *Baker & Daniels,* for appellee.

TRAVIS, J.—Appellant sued appellee for damages for the total destruction of its church building and contents, occasioned, as alleged, by the negligent failure of appellee to maintain fire hydrants in condition for use.

The complaint alleges that appellee is a private corporation which owned and operated the waterworks in the city of New Albany, by virtue of a franchise and contract, entered into on August 25, 1904, between appellee and the city, which franchise and contract was to run for a period of twenty-five years.  By §1 of the ordinance, which created the franchise and contract referred to, appellee was "empowered to maintain the system of water-works in and for the city of New Al-

bany, and to supply such city and its citizens with pure and wholesome water." Section 3 of the ordinance provided that the capacity of such water-works should be such as to supply sufficient water upon demand for the purposes of maintaining a hydraulic pressure of ninety pounds per square inch at a given point during the prevalence of a fire in said city, and at other times a pressure of seventy pounds per square inch. And by §4 of the ordinance, appellee "shall maintain at its own cost and expense 200 fire hydrants * * * at such points along its line of water pipe as the same are now established. * * * And said New Albany Water Works shall keep said fire hydrants constantly in good order and working condition. * * * For the use of such water from the fire hydrants for extinguishing fire and other public purposes as herein provided, the city of New Albany promises and agrees to pay the said New Albany Water Works the sum of Sixty Dollars ($60.00) per annum for the first 200 of said fire hydrants. * * *"

On June 25, 1917, appellee availed itself of the terms of §101 of the Public Service Act (Acts 1913 p. 167, §10052x3 Burns 1914) by filing with the clerk of the city of New Albany and with the Public Service Commission a written declaration legally adopted and executed, to the effect that it surrendered its franchise, by virtue of the ordinance of said city of New Albany, and received in lieu thereof an indeterminate permit granted by the Public Service Commission, and was operating under said indeterminate permit at the time of the act of negligence here in question.

Appellant owned the church building and contents situate in the city of New Albany, which were totally destroyed by fire December 30, 1917, which total destruction was caused, as alleged, because the appellee negligently and carelessly suffered and permitted the

Trustees, etc.; *v.* New Albany Water Works—193 Ind. 368.

fire hydrants nearest to such church building to become out of order and repair so that the water could not be turned on at said hydrants at the time of such fire.   Error is predicated solely upon the ruling of the court sustaining appellee's demurrer to the complaint.

Under the common law as interpreted by this court, sustained by a formidable line of authorities, neither a municipality operating its own waterworks nor

1.   a privately owned water company serving a city and its inhabitants with water for domestic purposes and for the purpose of extinguishing fires, is liable in damages to any individual for a loss from fire occasioned by the failure to obtain water from the fire hydrants to extinguish such fire.   *Fitch* v. *Seymour Water Co.* (1894), 139 Ind. 214, 37 N. E. 982, 47 Am. St. 258; *Atkinson* v. *Newcastle & Gateshead Water Works Co.* (1877), 2 Ex. Div. 441; *Belenger* v. *Montreal Water & Power Co.* (1914), 50 Can. S. C. 356; *German Alliance Insurance Co.* v. *Home Water Co.* (1912), 226 U. S. 220, 33 Sup. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000; *Lovejoy* v. *Bessemer Water Works Co.* (1906), 146 Ala. 374, 41 So. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068.   3 Dillon, Municipal Corporations (5th ed.) §1340, where a collection of the cases pro and con are cited.

Appellant admits that there is no liability in its behalf under the common law, but bases its right of recovery upon §§7 and 116 of the Public Service

2, 3.   Commission Act, (Acts 1913 p. 167, §§10052g, 10052m4 Burns 1914).   Section 7, *supra,* imposes the duty, and section 116, *supra,* merely gives a right of action.   Twenty years prior to the enactment of the statute in question, this court had unmistakably declared the rule to be that a water company serving a city and its inhabitants with water for domestic purposes and for the purpose of extinguishing fires, was

not liable to a private citizen although a taxpayer of the municipality, for a failure to supply water at the fire hydrant, by which failure such private citizen suffered a loss. *Fitch* v. *Seymour Water Co., supra.* The ruling by this court had been preceded by the same ruling by many courts of other states and by the English courts, and has since that time been supported by a great number of decisions of courts of last resort in support of that rule. It is of interest in the consideration of this question to note that but three states of the United States have adopted a rule contrary to the one above enunciated. The legislature of this state had before it, in unmistakable language in the opinion of this court, this rule of law, when it drafted and enacted §7 of this act, *supra*; and it is reasonable to presume, having before it this rule of law, which has received the almost unanimous support of the courts of the English speaking world, that by so concisely stating the rule, it intended to limit the duty under it to establish judicial interpretation, and that, had it intended to enlarge its scope, it would have done so by undoubted and unmistakable language. And the court now is constrained to hold that, inasmuch as the first sentence of §7, *supra*, merely declares what was the rule at common law and the rule in this state, it did not intend to vary the rule by the use of language so plain in stating the prior rule, for "it will be presumed that the legislature does not intend by a statute to make any change in the common law beyond which it declares either in express terms or by unmistakable implication. The construction of a statute will be such as to avoid any change in the prior laws beyond what is necessary to effect the specific purpose of the act in question." *Chicago, etc., R. Co.* v. *Ludington* (1910), 175 Ind. 35, 42. This rule of law is so well entrenched that it is illuminating to reiterate that—"When a statute is merely

declarative of the common law, or in affirmance of it, and is in general terms of the common law, there is no safer rule for its construction than that so well stated by Sutherland upon Statutory Const. §290, that, 'The best construction of a statute is to construe it as near to the rule and reason of the common law as may be, and by the course which that observes in other cases.'" *Cumberland Tel. & Tel. Co.* v. *Kelley* (1908), 160 Fed. 316, 321, 87 C. C. A. 268, 273, 15 Ann. Cas. 1210.

Appellant in its complaint declares in tort for the violation of an alleged statutory duty. In order for the complaint to be well founded upon this con-3, 4. tention, it would be necessary to hold that such statutory duty, if there could be one under the statute, flows to the individual, the appellant in this case. As a foundation for the holding in this class of cases prior to the enactment of laws regulating public utilities, it was declared that a private citizen was not privy to the contract between the utility company and the municipality, and that no duty was owed to him, in his individual capacity, to provide him with water to prevent the destruction of his property by fire. While all franchise rights which theretofore existed between appellee and the municipal corporation were abrogated by the Public Utility Act, Acts 1913 p. 167, §10052a *et seq.* Burns 1914, and thereby placed under the control of the Public Utility Commission, the quality and kind of service to be rendered by the appellee was not so transferred, but remained for the municipal corporation to declare through its contractual rights still preserved by the act itself. §110, *supra.* The municipal corporation and appellee having entered into no new contract, since appellee relinquished its franchise and placed itself under the control of the Public Service Commission by virtue of the indeterminate permit, the quality and kind of service appellee was to render, of necessity

being obliged to rest upon something, continued contractual with the municipal corporation as it had existed in its former relationship with the municipality. The former contractual relationship was between appellee and the municipality alone, and appellee did not contract to give fire protection to any individual taxpayer within the municipality. So that it is necessary to hold under the Public Service Act that appellee owed no contractual duty for such service to appellant.

Appellant seeks to construe its own complaint to sound in tort, which involves the rule of law, that, to make appellee guilty of negligence against the appellant, it must have owed a duty to appellant, which duty it has violated. There having been no contractual relationship between the parties, and it now being held that the statute is merely declaratory of the common law, and that it does not impose a statutory duty upon appellee to render such service directly to appellant, its complaint has no standing as being delictual.

Section 116, *supra,* merely gives a right of action. The right of action so given does not point solely to §7, *supra,* but to many other sections of the act

5. which specify duties to be performed as well as things which are prohibited. Again, it should be borne in mind that the legislature is using words in giving these rights of action, which have been seriously and definitely defined by this court, which definitions are universal in all the courts of recognized authority. The legislature saw fit to give a right of action to any person *injured* instead of to any person *damaged.* No one has a right to damages occasioned by an injury unless there is some person who is legally answerable for having caused such injury, for "negligence will not be a ground of legal liability unless the party whose conduct is in question is already in a situation that brings him under the duty of taking care."

Pollock, Law of Torts (10th ed.) ch. XI. In other words, in order to create a right to damages, two things must concur: That the one claiming the damages has suffered an injury; and that someone is legally answerable for having caused it. "Injury", as used by the legislature in this section, is held to mean a legal or actionable wrong; and because, by express statute under §7 of the Public Utilities Act, *supra,* no duty is cast upon the water company to furnish water for extinguishing fires in behalf of any individual that did not exist at common law, but only to the municipality, no actionable wrong was committed against appellant. *City of North Vernon* v. *Voegler* (1885), 103 Ind. 314, 319; *Krom* v. *Antigo Gas Co.* (1913), 154 Wis. 528, 140 N. W. 41, 143 N. W. 163, and authorities there cited.

Appellant in its brief seeks to anticipate one possible drift of reasoning by the court to forestall entering into consideration here of the element so strongly

6. considered by the English and American courts, both Canadian and United States, in that in construing the contracts of relationship between a water company and a municipality, it was sufficiently evident that the water company was not by said contract considered in any way an insurer of any individual citizen and tax-payer against loss by fire through its failure to provide water in sufficient quantity and under sufficient pressure to extinguish such fires, or to comply with the regulations relating to such duties imposed by the contract; the reasoning being that the consideration for such service was totally inadequate upon which to presume that any such duty was contemplated by the parties, and especially so in the absence of a specific declaration in the contract imposing such a liability. Appellant maintains that it is far fetched to avoid, by this argument, what it maintains to be a statutory duty. The court, answering thereto, has only to say

that it believes the question thus considered reached its logical conclusion through the decisions of the courts, and that the act explicitly expressing the common-law duty only, is applicable in the consideration of the question at bar. Liability cannot thus be raised by implication. *Fitch* v. *Seymour Water Co., supra; Atkinson* v. *Newcastle & Gateshead Water Works Co., supra; Belenger* v. *Montreal Water & Power Co., supra; German Alliance Insurance Co.* v. *Home Water Co., supra.*

Section 7, *supra,* of the act creates no duty upon appellee which will make it liable in damages to an individual citizen of the municipality for loss by fire, not imposed by common law, and §116, *supra,* creates no right of action, in relation thereto, not heretofore recognized. The demurrer to the complaint was properly sustained.

Judgment affirmed.

Myers, J., did not participate.