LARIMORE *v.* INDIANAPOLIS WATER COMPANY ET AL.

[No. 24,428. Filed April 1, 1926.]

1. APPEAL.—*Ruling sustaining demurrer to complaint will not be reversed if complaint is insufficient, although demurrer is defective or memorandum attached to demurrer is insufficient.*—If complaint demurred to really is insufficient, the ruling sustaining the demurrer will not be reversed for defects in the demurrer or in the memorandum attached to the demurrer. p. 458.

2. MUNICIPAL CORPORATIONS.—*Municipal corporations are not liable at common law for failure to provide adequate fire apparatus or sufficient water to extinguish fires.*—At common law, a municipal corporation was not liable to the owner of property within its corporate limits destroyed by fire by reason of the municipality failing to provide adequate fire apparatus or sufficient supply of water . with which to extinguish the fire by which such property was consumed. p. 459.

3.  WATERS AND WATERCOURSES.—*Water company not liable at common law for loss of property by fire by reason of inadequate water supply.*—A water company whose only obligation to a municipality to furnish water with which to extinguish fires therein arises out of· a contract to supply the municipality with water for that purpose is not liable at common law for destruction of privately owned property by reason of an inadequate water supply at the time of the fire.  p. 459.

4.  MUNICIPAL CORPORATIONS.—*The Public Service Commission Law does not create any new liability of a city, or water company furnishing it with water, for destruction of property by fire due to the insufficiency or inadequacy of fire apparatus.*— Sections 114 and 116 of the Public Service Commission Law (§§12787, 12789 Burns 1926) do not give any new right of action which did not exist at common law for the recovery of damages by reason of property within a municipality being suffered to burn for lack of adequate fire protection, and consequently neither the municipal corporation nor a water company under contract with the municipality to furnish water for fire protection therein is liable for the destruction of property by fire due to the insufficiency of hose to carry water to the fire.  p. 463.

From Marion Superior Court (A 19,923) ; *Theophilus J. Moll,* Judge.

Action by Otto P. Larimore against the Indianapolis Water Company and the city of Indianapolis.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*William V. Rooker,* for appellant.

*James M. Ogden, William T. Bailey, Baker & Daniels* and *William W. Seagle,* for appellees.

EWBANK, C. J.—Appellant sued the Indianapolis Water Company and the city of Indianapolis, demanding judgment for $10,000 and all proper relief, because his dwelling house had been destroyed by fire under circumstances alleged in the complaint.  Counsel for appellant assert that this was an action, "to enforce a statutory liability against the defendants arising out of the destruction by fire of the plaintiff's dwelling house," and insist that §§114 and

Larimore *v.* Indianapolis Water Co.—197 Ind. 457.

116 of the "act concerning public utilities, creating a Public Service Commission," etc. (§§12787, 12789 Burns 1926, §§114, 116, Acts 1913 pp. 167, 208) impose a liability on the city and the water company for failure to deliver water at plaintiff's residence with which to extinguish the fire that destroyed his property. Each defendant filed a demurrer to the complaint for the alleged reason that it does not state facts sufficient to constitute a cause of action against the defendant so demurring, and each attached to its demurrer a memorandum stating many reasons why the complaint should be held insufficient. Each demurrer was sustained, and, the plaintiff declining to plead further, judgment was rendered against him for costs, from which judgment he took an appeal. The rulings sustaining these demurrers are assigned as errors. If the complaint really does not state facts sufficient to constitute a cause of action the judgment holding it insufficient will not be reversed because of any defects in the demurrers which were sustained to it, or in the memoranda attached to those demurrers. *Bruns* v. *Cope* (1914), 182 Ind. 289, 296, 105 N. E. 471; *Kokomo, etc., Traction Co.* v. *Kokomo Trust Co.* (1923), 193 Ind. 219, 228, 137 N. E. 763; *State, ex rel.,* v. *Holmes* (1925), 196 Ind. 157, 160, 147 N. E. 622; *Holstine* v. *Director General* (1922), 77 Ind. App. 582, 586, 134 N. E. 305.

At common law a city or other municipal corporation is not liable to an owner of property within its corporate limits destroyed by fire, on account of negligence of the municipality and its officers in failing to provide suitable fire apparatus or an adequate supply of water with which to extinguish the fires by which such property is consumed. *Brinkmeyer* v. *City of Evansville* (1867), 29 Ind. 187; *Robinson* v. *City of Evansville* (1882), 87 Ind. 334, 44 Am. Rep. 770; *Fitch* v. *Seymour Water Co.* (1894), 139 Ind. 214,

218, 37 N. E. 982, 47 Am. Rep. 258; *Aschoff* v. *City of Evansville* (1904), 34 Ind. App. 25, 32, 72 N. E. 279; *Moore* v. *City of Bloomington* (1911), 51 Ind. App. 145, 148, 95 N. E. 374. Nor is a water company liable at common law whose only obligation to furnish water with which to extinguish such fires arises out of a contract between it and the city that binds the company to supply the city with water for that purpose. *Fitch* v. *Seymour Water Co., supra; Trustees, etc.*, v. *New Albany Water Works* (1923), 193 Ind. 368, 140 N. E. 540, 27 A. L. R. 1274.

But counsel for appellant contends that where a city has purchased fire apparatus, and has contracted for water with which to extinguish fires, and has organized and is maintaining a fire department, all at the public expense, paid for by taxation, a taxpayer owning property in the city that is suffered to burn for lack of water with which to put out the fire is given a right of action by §§114 and 116 of the statute above referred to, which did not exist at common law, and that the facts alleged in plaintiff's complaint were sufficient to constitute a cause of action under the statute.

The complaint alleged, in substance, that plaintiff is and for many years continuously has been a citizen, resident and taxpayer of the city of Indianapolis; that said city is a city of the first class; that the Indianapolis Water Company is a domestic corporation engaged in supplying water to said city and to the public therein; that it furnishes water to the city for fire protection, to which end the defendants heretofore have installed pipes carrying a supply of water to many fire hydrants or plugs in said city, at an annual cost and expense to the taxpayers of $65 for each plug; that the expense of installing and maintaining said fire department is met by general taxation; that the fire hydrants or plugs are so constructed and maintained that fire hose can be

attached thereto and water conducted by such hose to any scene of conflagration; that the city employs firemen and maintains and long has maintained a fire department and apparatus at great expense, paid from money collected by taxation; that in 1915 plaintiff became and ever since then has been the owner of a certain described lot within the city of Indianapolis, situated on a paved street that connects with other paved streets; that until the ———— day of January, 1923, his said lot contained a dwelling house of the value of $10,000; that on said date, in the day time, the roof of plaintiff's house became ignited, and in response to an alarm a unit of the fire department reached his house in ample time to have saved it from material injury if the firemen had been provided with enough hose to reach from the nearest hydrant or plug to the dwelling house; that thereafter a second unit of the fire department arrived in time to have prevented any irreparable loss to the house if that unit or both units together had been provided with sufficient hose to reach from said hydrant or plug to plaintiff's house; but that the defendants had wrongfully failed and refused to locate a fire hydrant nearer than 3,000 feet from plaintiff's property, and by reason of said wrongful acts of the defendants in failing and refusing to place a hydrant or plug within a reasonably serviceable distance from said dwelling house, and in failing and refusing to supply said units of the fire department with sufficient hose to reach from said hydrant to plaintiff's dwelling house, the house was wholly consumed and destroyed by said fire; that plaintiff paid and long had paid taxes on his said property and the city had collected taxes thereon at the same rate paid on other property in said city, including what was expended by the city in providing fire protection; and the conclusion was asserted that it was the duty of defendants to furnish plaintiff with fire

protection for his property equal to and like the fire protection furnished to other property owners in said city, and that it was unlawful for defendants to subject plaintiff to any disadvantage concerning fire protection for his property; and that unless plaintiff can recover in this action for his said loss, his property will have been taken in denial to him of the equal protection of the law, in contravention of the Fourteenth Amendment of the Constitution of the United States.

The sections of the statute relied on by plaintiff read as follows: "§114. If any public utility makes or gives any undue or unreasonable preference or advantage to any particular person, firm or corporation, or shall subject any particular person, firm or corporation to any undue or unreasonable prejudice or disadvantage in any respect whatsoever, such public utility shall be deemed guilty of unjust discrimination, which is hereby prohibited and declared unlawful. Any person, firm or corporation violating the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than $50.00 nor more than $1,000.00 for each offense. * * * 116. If any public utility shall do, or cause to be done or permit to be done, any matter, act or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter or thing required to be done by this act, such public utility shall be liable to the person, firm or corporation injured thereby in the amount of damages sustained in consequence of such violation: provided, that any recovery as in this section provided shall in no manner affect the recovery by the state of the penalty prescribed for such violation." §§12787, 12789 Burns 1926, supra. And another section of the same act, cited by plaintiff, reads as follows: "§1. * * * The term 'service' is used in this act in its broadest and most inclusive sense and includes,

not only the use or accommodation afforded consumers or patrons, but also any product or commodity furnished by any public utility and the plant, equipment, apparatus, appliances, property and facility employed by any public utility in performing any service or in furnishing any product or commodity and devoted to the purposes in which said public utility is engaged, and to the use and accommodation of the public. * * *" §12672 Burns 1926, Acts 1913 p. 167, §1.

This court held in a recent case that these sections of the statute do not give any new right of action which did not exist at common law for the recovery 4. of damages by reason of property within the city being suffered to burn for lack of adequate fire protection. After a careful review of the subject we are satisfied with that decision, upon the authority of which this judgment must be affirmed. *Trustees, etc.,* v. *New Albany Water Works, supra.*

The judgment is affirmed.