# Hudak v. Scranton Spring Brook Water Service Company

*E. F. McGovern,* for plaintiff.

*Frank P. Slattery,* for defendant.

VALENTINE, J., September 26, 1940.—Plaintiff sued in trespass to recover damages alleged to have been sustained by reason of the destruction of his home, and the contents of the same, by fire.

His claim is based upon the allegation that defendant (a public service utility) failed to furnish a sufficient quantity of water to three fire plugs located in the vicinity of his home in Wilkes-Barre Township.

The contention of plaintiff is summarized in the brief of his counsel, as follows:

"1. It was the duty of defendant company as a public service utility to furnish and maintain adequate, efficient, safe and reasonable service and such facilities as should be necessary or proper for the accommodation, convenience and safety of the public.

"2. As part of the duty of defendant corporation it was the duty of defendant company to pump, distribute, and furnish water to said fire plugs in sufficient quantities and sufficient pressure that in the event of a fire occurring in said township water would be available for putting out the fire.

"3. Said defendant company failed in aforesaid duty in that it failed to supply water in sufficient and adequate quantities to three certain fire plugs in said township, which plugs were located in the vicinity of plaintiff's home at the time that plaintiff's house caught fire and that when said plugs were opened for the purpose of fastening a hose thereon to carry water to plaintiff's house, it was found that no water was being supplied to the plugs, and that as a result of the failure of defendant company to perform its duty to furnish water to the plugs in sufficient quantity and pressure so as to put out the fire, plaintiff's house was destroyed by fire."

Defendant filed an affidavit of defense, raising a question of law, averring:

"1. Plaintiff in this case has no contract with defendant for a supply of water for the extinguishment of fires; wherefore the said water company owes plaintiff no duty in this respect.

"2. The interest of plaintiff in whatever contract might exist between the Township of Wilkes-Barre and the said water company, if any, is too remote to raise such a

privity therein as would enable plaintiff to maintain this suit.

"3. With whatever contract existing, if any, with the Township of Wilkes-Barre for the supply of water, plaintiff has nothing to do."

It is clear that prior to the passage of the Public Utility Law of May 28, 1937, P. L. 1053, this action could not be maintained: Beck v. Kittanning Water Co., 8 Sadler 237; Stone v. The Uniontown Water Co., 4 Dist. R. 431; Thompson v. Springfield Water Co., 215 Pa. 275. In the case last cited, Mr. Justice Stewart, speaking for our Supreme Court, said (p. 278) :

"The question for determination is the defendant's liability for the destruction of the plaintiff's property by fire, assuming that the proximate cause of its destruction was the insufficiency of the only available hydrants in point of location and, further, that the insufficiency was due to defendant's negligence. The defendant, as its name indicates, is a company engaged in the business of furnishing water to consumers for private gain and emolument. It entered into a contract with the commissioners of Lower Merion township, for a valuable consideration, whereby it agreed to furnish and place in position on the line of its mains, as then laid out, fifty-four double nozzle fire hydrants, and furnish water to the same for the purpose of extinguishing fires that might occur on the premises and property of private owners and taxpayers of the township, keeping at all times during the continuance of the agreement the hydrants so distributed in serviceable condition and supplied with water. . . . What the water company undertook and agreed to do was in the nature of a public function; that is to say, it was something that the municipality, if it chose, could have done at public expense in the exercise of rightful authority. . . . The case on this point, therefore, may be considered as though the municipality, and not the agent, were directly involved. Would the municipality have been liable, under the circumstances here, had it undertaken to do on its own account what de-

fendant undertook to do on its behalf as its agent?" The conclusion was reached that the defendant was not responsible.

Counsel for plaintiff contends, however, that the action finds support in the following provisions of the Public Utility Law of 1937, supra, art. IV, sec. 401:

"Every public utility shall furnish and maintain adequate, efficient, safe, and reasonable service and facilities, and shall make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employes, and the public. Such service also shall be reasonably continuous and without unreasonable interruptions or delay. Such service and facilities shall be in conformity with the regulations and orders of the commission. Subject to the provisions of this act and the regulations or orders of the commission, every public utility may have reasonable rules and regulations governing the conditions under which it shall be required to render service. Any public utility service being furnished or rendered by a municipal corporation beyond its corporate limits shall be subject to regulation and control by the commission as to service and extensions, with the same force and in like manner as if such service were rendered by a public utility."

Did the above language change the law as it existed prior to the passage of the act? This is the controlling question before us.

Counsel for plaintiff emphasizes his contention that liability on the part of defendant exists in the following language:

"There can be no doubt that plaintiff in this case is one of the public to which the foregoing statute refers. Further, there can be no doubt that water supplied to fire plugs is intended for the safety of the public, said safety consisting of protection in case of fire.

"The language of the statute aforesaid clearly imposes a duty on the part of defendant to do those things required by the statute. There can be no speculation as to what the legislature intended. The language of the act makes the requirements mandatory as the word 'shall' clearly states."

In Thompson v. Springfield Water Co., supra, the contract between the township (in which the plaintiff's property was located) and defendant company obligated the latter to furnish water for the purpose of extinguishing fires occurring on the premises of taxpayers, and to keep the hydrants in serviceable condition and supplied with water.

In Ancrum v. Camden Water, Light & Ice Co., 82 S. C. 284, 64 S. E. 151, the contract between defendant company and the City of Camden obligated the water company to furnish to the inhabitants of the City of Camden an abundant and sufficient supply of water for the extinguishing of fires. It was held that this fact did not give a right of action to an individual whose building was destroyed by fire by reason of the alleged failure of the company to comply with the provisions of said contract.

We deem the language of the Public Utility Law of 1937, supra, to be, in effect, declaratory of the common law. It has always been the duty of water companies to furnish reasonably adequate service at reasonable rates and without discrimination to all who are entitled to apply for service.

The legislature had knowledge of the rule of law established by the courts of the Commonwealth, and had it intended to impose upon water companies responsibility for the failure to supply a sufficient quantity of water to extinguish fires it would have so declared in plain and unmistakable language. The presumption is that the legislature does not intend, by the passage of a statute, to make any change in the common law beyond what it declares, either in express terms or by unmistakable impli-

cation: Wilson v. Wilson, 126 Pa. Superior Ct. 423; Bridgeford v. Groh et ux., 306 Pa. 566.

Statutes bearing considerable analogy to the one now under consideration have been held to be merely declaratory of the common law in Krom et al. v. Antigo Gas Co. et al., 154 Wis. 528, 140 N. W. 41, 143 N. W. 163, and Trustees of Jennie DePauw, etc., v. New Albany Water Works, 193 Ind. 368, 140 N. E. 540.

Therefore, now, September 26, 1940, the question of law raised by the affidavit of defense is decided in favor of defendant, and as this conclusion disposes of the whole claim, judgment is now entered in favor of defendant.