Michael G. SERVISS and Sandra M. Serviss, Appellants–Plaintiffs,

v.

STATE of Indiana, DEPARTMENT OF NATURAL RESOURCES, Appellees–Defendants.

No. 64A03–9810–CV–450.

Court of Appeals of Indiana.

June 23, 1999.

---

. Robert E. Stochel, Crown Point, Indiana, Glenn S. Vician, Bowman, Heintz, Boscia & Vician, P.C., Merrillville, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION ·**

STATON, Judge

Michael and Sandra Serviss appeal the trial court's grant of summary judgment in favor of the State of Indiana and the Indiana Department of Natural Resources (collectively, the "State"). The Servisses raise four issues on appeal. We address two dispositive issues:

I. Whether the trial court erred by concluding that the State was immune from liability because it was performing a discretionary function.

II. Whether the trial court erred by concluding that any duty owed by the State was owed to the public, instead of privately to the Servisses.

We reverse and remand.

The facts most favorable to the non-movants reveal that Michael and Sandra Serviss went to Indiana Dunes State Park to go sledding. The Servisses paid a fee to enter the park and were informed by a park employee that sledding was permitted only at a hill known as Devil's Slide. While Sandra was walking along a pedestrian walkway on the side of the hill, she was struck by a sled and injured. The Servisses filed a complaint against the State, arguing that its negligence caused Sandra's injuries. The State sought summary judgment, which the trial court granted. This appeal ensued.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596· N.E.2d 1369, 1371 (Ind.1992). · At the time of filing the motion or response, a ·party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice; and any other matters on

which it relies for purposes of the motion. T.R. 56(C).

In this case, the trial court entered specific findings of fact and conclusions of law thereon. Specific findings and conclusions are neither required nor prohibited in the summary judgment context. *Althaus v. Evansville Courier Co.*, 615 N.E.2d 441, 444 (Ind.Ct.App.1993), *reh. denied.* Although specific findings aid appellate review, they are not binding on this court. *Id.* Instead, when reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh evidence, but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

## I.

### *Immunity*

In granting the State summary judgment, the trial court concluded that the State was immune from liability because it had engaged in a discretionary function. The trial court concluded that the State was engaged in a discretionary function by allowing sledding on one hill in the park.

Governmental entities may be held liable for torts committed by their agencies or employees. *Peavler v. Board of Comm'rs of Monroe County*, 528 N.E.2d 40, 42 (Ind. 1988). However, the Indiana Tort Claims Act ("ITCA") protects governments from liability if a government's conduct falls within certain statutorily-enumerated exceptions. *Id.*; IND.CODE § 34–4–16.5–3 (Supp.1997). IC 34–4–16.5–3(6) provides that a governmental entity is not liable for a loss that results from the performance of a discretionary function.

In determining whether governmental acts are discretionary, Indiana applies the "planning-operational" standard. *Lake County Juvenile Court v. Swanson*, 671 N.E.2d 429, 438 (Ind.Ct.App.1996), *trans. denied*, (citing *Peavler*, 528 N.E.2d at 46). Planning functions are discretionary and therefore shielded by immunity, while opera-

tional functions are not. Planning functions involve the formulation of basic policy characterized by official judgment, discretion, weighing of alternatives, and public policy choices. *Id.* Operational functions are characterized by the execution or implementation of previously formulated policy. *Id.*

A party seeking immunity has the burden of proving that its conduct falls within the exceptions set forth in the ITCA. *Swanson*, 671 N.E.2d at 438. In order to establish discretionary function immunity, the State is required to prove that "the challenged act or omission was a policy decision made by consciously balancing risks and benefits." *Id.* at 439. This proof may come in the form of meeting minutes, testimony by the decision-makers regarding the process involved, or other documents showing that the governmental entity made an affirmative policy decision. *Id.*

In its motion for summary judgment, the State did not argue that it had discretionary function immunity. Accordingly, it designated no evidence regarding its decision to permit sledding at the park. There is simply no evidence in the record that the State made a policy decision by consciously balancing risks and benefits. Because the designated evidence does not reveal that the State made a policy decision, the trial court erred by concluding that the State was entitled to summary judgment based on discretionary function immunity.

## II.

### *Duty*

The Servisses' claim against the State is based in negligence. In order to prevail, the Servisses must prove the elements of negligence, one of which is that the defendant owed the plaintiff a duty. *Wickey v. Sparks*, 642 N.E.2d 262, 265 (Ind.Ct.App.1994), *trans. denied.* The State argued in its motion for summary judgment that the Servisses cannot prevail because they cannot establish that the State owed them a private duty. The trial court agreed and granted the State

summary judgment. The Servisses contend that the trial court erred.[1]

When a governmental entity is the defendant in a negligence action, a special consideration arises. If the governmental duty is one owed to the public at large, the plaintiff must prove that a special relationship exists between the parties in order to recover. *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278, 283–84 (Ind. 1994); *Greathouse v. Armstrong,* 616 N.E.2d 364, 368 (Ind.1993); *Simpson's Food Fair, Inc. v. City of Evansville,* 149 Ind.App. 387, 272 N.E.2d 871, 873–74 (1971). In *Mullin,* the Indiana Supreme Court adopted a three-part test for determining whether this special relationship exists. *Id.* at 284.[2] However, the three-part test does not apply where the plaintiff alleges that the governmental entity engaged in an affirmative act of negligence that created the plaintiff's perilous situation. *Henshilwood v. Hendricks County,* 653 N.E.2d 1062, 1067 (Ind.Ct.App.1995), *trans. denied.* In such a case, the affirmative act that creates the plaintiff's peril is sufficient to establish a private duty. *Id.* at 1068. Accordingly, there is no need to apply the *Mullin* test, which merely establishes whether an otherwise public duty, such as the duty to provide fire or police services, is converted into a private duty due to a special relationship between the parties.

The State contends that the trial court correctly applied the *Mullin* test to this case. We disagree. The Servisses allege that State employees failed to provide proper supervision of the sledding activities, that the State failed to warn pedestrians regarding the danger of sledding activities, and that the State failed to maintain a suit-able walkway for pedestrians. The Servisses also allege that the State required them to sled on a particular hill, which was crowded with other people, and thereby increased the likelihood that they would be injured. Because the Servisses' claim is based largely on the State's failure to act, the State argues that the Servisses do not raise allegations of affirmative negligence.

In *Henshilwood,* we stated:

[T]he law recognizes a critical distinction between the failure to act, as in the failure to protect the welfare of citizens or to provide rescue services, and an affirmative act of negligence which in itself causes the plaintiff's harm. In the latter case, rather than a gratuitous undertaking to aid or alleviate the plaintiff's peril, the governmental entity has created the plaintiff's peril by some affirmative act.

*Id.* at 1068 (citations omitted). In deciding whether the *Mullin* test is applicable, the appropriate question to be asked is whether the plaintiff's complaint is based upon the governmental entity's failure to act to alleviate the individual's peril or whether it is based upon governmental action that caused the plaintiff's peril. If the plaintiff alleged the former, then the *Mullin* test must be applied to determine whether an otherwise public duty is converted into a private duty. However, if the plaintiff alleged the latter, then there is no need to apply the *Mullin* test because a private duty exists in the first instance.

Here, the Servisses allege that the State created their peril by requiring them to sled on a particular hill and by permitting sledding without taking adequate precautions,

---

1. The Servisses' argument is contradictory. First, they state that "Sandra Serviss does not contend that the State of Indiana owes a private duty to her." Appellant's Brief at 8. Then, they go on to argue that the three-part test established in *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278, 284 (Ind.1994) for determining whether a duty is private or public does not apply to their case because the State committed an affirmative act of negligence. *Id.* at 8–9. As will be discussed, if the *Mullin* test is inapplicable, it necessarily follows that any duty owed by the government is private, not public. Despite this contradiction within the Servisses' argument, the Servisses have sufficiently raised the issue of whether the State owed them a private duty such that we will address it.

2. The supreme court held that the following facts must exist for there to be a relationship that creates a private duty: "(1) an explicit assurance by the municipality, through promises or actions, that it would act on behalf of an injured party; (2) knowledge on the part of the municipality that inaction could lead to harm; and (3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking." *Id.*

such as providing proper supervision, warnings, and an adequate pedestrian walkway. The fact that the Servisses couch their claim in terms of the State's *failure* to act is of no moment. The Servisses do not claim that the State failed to adequately respond to Sandra's peril after she was injured. Rather, they claim that the State's own negligence caused Sandra to be injured in the first instance. This is an allegation of an affirmative act of negligence. *See Henshilwood,* 653 N.E.2d at 1068 (*Mullin* test inapplicable where alleged act of negligence was county's *failure* to prevent ditch from overflowing and *failure* to warn property owners of high levels of E–Coli); *Harkness v. Hall,* 684 N.E.2d 1156, 1161 (Ind.Ct.App.1997) (*Mullin* test inapplicable where alleged act of negligence was county's *failure* to maintain a roadway and bridge where an accident occurred); *Kantz v. Elkhart County Highway Dep't,* 701 N.E.2d 608, 612 (Ind.Ct.App.1998), *trans. denied* (*Mullin* test inapplicable where alleged act of negligence was county's *failure* to remove an obstruction that rendered a county road unsafe). *But see, Aldridge v. Indiana Dep't of Natural Resources,* 694 N.E.2d 313, 316 (Ind.Ct.App.1998), *trans. denied* (*Mullin* test applies because campers alleged that the state negligently *failed* to trim a dead tree limb); *McCormick v. State,* 673 N.E.2d 829, 838 (Ind.Ct.App.1996) (*Mullin* test applies where plaintiff alleged that the state *failed* to provide adequate precautions to prevent boater from dying in an accident on public reservoir). Accordingly, the *Mullin* test is inapplicable because a public duty is not at issue. Under the facts of this case, we hold that the State owed the Servisses a private duty.

Reversed and remanded.

BAILEY, J., concurs.

FRIEDLANDER, J., dissents with separate opinion.

### FRIEDLANDER, Judge, dissenting

I believe the trial court was correct in granting summary judgment in favor of the Department of Natural Resources (the DNR) and therefore respectfully dissent from the majority's conclusion that summary judgment should be reversed.

The majority concludes that the DNR committed an act of affirmative negligence when it allowed people to go sledding in the Indiana Dunes State Park. This conclusion is significant because of its implications on the question of duty. In order to recover in a negligence action against a governmental entity, the plaintiff must show more than a duty owed to the public as a whole. *Greathouse v. Armstrong,* 616 N.E.2d 364 (Ind.1993). In such cases, the plaintiff must establish the existence of a private duty owed to a particular individual. *Id.* According to *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278 (Ind.1994), the following elements are prerequisites for imposing a private duty on governmental defendants:

(1) an explicit assurance by the municipality, through promises or actions, that it would act on behalf of the injured party;

(2) knowledge on the part of the municipality that inaction could lead to harm; and

(3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking.

*Id.* at 284. The above public/private duty analysis, however, does not apply if the allegation against the governmental defendant is one of affirmative negligence. *Henshilwood v. Hendricks County,* 653 N.E.2d 1062 (Ind.Ct.App.1995), *trans. denied.* The *Mullin* test applies only in determining whether a duty is owed based upon a governmental entity's alleged failure to act.

In their complaint, the Servisses alleged that the DNR was negligent in (1) failing to properly maintain, manage, and supervise the park property; (2) failing to properly supervise park rangers; (3) failing to warn park patrons of a dangerous condition; and (4) failing to construct or maintain a suitable walkway or construct a guard to protect pedestrians from sledders. In my view, all of these counts allege failures to act and not affirmative negligence. *See McCormick v. State, Dep't of Natural Resources,* 673 N.E.2d 829 (Ind.Ct.App.1996) (plaintiff's decedent drowned; the complaint did not allege affirmative negligence when allegations in-

cluded (1) failure to warn of dangers; (2) failure to patrol the premises; (3) failure to remedy a dangerous situation; (4) failure to take steps to prevent such incidents; and (5) failure to appropriately limit access to the spillway).

The Servisses responded to the DNR's summary judgment motion with the allegation that the DNR committed affirmative negligence in requiring sledders to use one particular hill. Such an allegation could only emanate from Paragraph 10 of Count I of the Complaint for Damages, which states: "That IDNR authorized snow sledding on certain locations of the Dunes park grounds and owed a duty of reasonable care and supervision to those persons engaged in sledding activities on the park grounds." *Record* at 4. In my view, Paragraph 10 does not contain an allegation that the DNR was negligent in designating a particular location for sledders to use. Therefore, such an allegation cannot serve as a basis for defeating summary judgment based upon the argument that it arguably constituted affirmative negligence. Moreover, even if Paragraph 10 could be understood to contain an allegation of negligence, it would not constitute an allegation of affirmative negligence. *See Aldridge v. Indiana Dep't of Natural Resources,* 694 N.E.2d 313 (Ind.Ct.App.1998), *trans. denied* (otherwise general duty that exists when a governmental entity employs a lifeguard to monitor a public pool is not automatically transformed into a private duty merely be-

cause the governmental entity provides only one pool, thus dictating where each individual must swim).

Because, the Servisses' complaint alleges a failure to act and not affirmative negligence, I would apply the *Mullin* test to determine whether the DNR owed the Servisses a private duty. The first element that the Servisses must prove to establish the existence of a private duty under *Mullin* is that the DNR issued an *explicit* assurance that it would act on Sandra's behalf. The Servisses have presented no evidence that the DNR made such an assurance. "Without any such assurance, there can be no reliance." *McCormick v. State, Dep't of Natural Resources,* 673 N.E.2d at 838. Therefore, there is no evidence of a special duty of relationship between Sandra and the DNR. If the DNR owed any duty to Sandra, it was a duty to the general public and not to Sandra individually. Because no genuine issue of material fact exists on the issue of duty, I believe that the trial court properly granted summary judgment in favor of the DNR. I would affirm the trial court.