**Michael G. SERVISS and Sandra M. Serviss, Appellants (Plaintiffs below),**

v.

**STATE of Indiana, DEPARTMENT OF NATURAL RESOURCES, Appellees (Defendants below).**

No. 64S03–9912–CV–709.

Supreme Court of Indiana.

Dec. 29, 1999.

Robert E. Stochel, Crown Point, Indiana, Glenn S. Vician, Bowman, Heintz, Boscia & Vician, P.C., Merrillville, Indiana, Attorneys for Appellants.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellees.

### ON PETITION TO TRANSFER

SULLIVAN, Justice.

While walking up a snow-covered hill in a state park, plaintiff Sandra Serviss was

struck by a sled and injured. The defendant governmental entities contend they owe no duty to plaintiff to protect her from sledding accidents. Following our recent decision in *Benton v. City of Oakland City,* 721 N.E.2d 224 (Ind.1999), we find the government owed plaintiff the common law duty of ordinary and reasonable care to maintain a public recreational facility in a reasonably safe manner.

### Background

A summary of the facts most favorable to the judgment reveal that on January 22, 1995, Sandra Serviss and her husband, Michael, drove to Indiana Dunes State Park to go sledding. After paying a fee to enter the park, the Servisses were told by a park employee that sledding was only permitted at a hill known as "Devil's Slide."

The Servisses proceeded to this area "where at least 10 sleds [were] being operated." (R. at 120.) They ascended the hill using a "pedestrian walkway" which had been created by people trampling the snow. The walkway was approximately four to five feet wide and was situated along a line of trees and brush that ran up the hill on the right-hand side.

Michael Serviss rode his sled down the hill one time and at the base of the hill exited the sled, walking to their car in the parking lot immediately across from the sledding hill. Meanwhile, Sandra started down the hill on a sled with her niece, but became frightened by the height of the hill and disembarked. Sandra headed back up

the hill off to the right in an attempt to avoid other sledders, however, she was struck from the left side by another sledder and was injured.

The Servisses filed a complaint against the State and its Department of Natural Resources (collectively, "State"), asserting that the negligent operation of the park caused her injuries and resulted in loss of consortium. The trial court granted the State summary judgment after concluding that it enjoyed discretionary function immunity under the Indiana Tort Claims Act ("ITCA")[1] and that it did not owe the Servisses an actionable duty to protect them from sledding accidents.

A divided Court of Appeals reversed. *Serviss v. State, Dep't of Natural Resources,* 711 N.E.2d 95 (Ind.Ct.App.1999). The majority held that the trial court erred in finding immunity because the State did not assert it or presented no evidence to support it. *Id.* at 98. The majority also found that the trial court improperly employed this Court's three-part test announced in *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278 (Ind.1994),[2] because the Servisses' complaint alleged an "affirmative act of negligence" by the State as opposed to a "failure to act." *Serviss,* 711 N.E.2d at 100. Specifically, the majority found that the State "created" the Servisses' peril by requiring them to sled on a particular hill, therefore, the court applied its own test announced in *Henshilwood v. Hendricks County,* 653 N.E.2d 1062, 1067 (Ind.Ct. App.1995), *transfer denied,*[3] to determine

---

1. Ind.Code § 34–4–16.5–3(6) (1993) (current version at Ind.Code § 34–13–3–3(6) (1999)).

2. In *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278 (Ind.1994), we adopted a test from the Georgia Supreme Court's decision in *City of Rome v. Jordan,* 263 Ga. 26, 426 S.E.2d 861, 863 (1993), to establish whether a governmental entity owes a private duty to an individual. Under the *Mullin* test, a plaintiff is required to establish the following three elements:

(1) an explicit assurance by the municipality, through promises or actions, that it would act on behalf of the injured party;

(2) knowledge on the part of the municipality that inaction could lead to harm; and,

(3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking.

*Mullin,* 639 N.E.2d at 284.

3. In *Henshilwood,* the Court of Appeals held that the *Mullin* test did not apply to an alleged affirmative act of negligence "where the

that "the State owed the Servisses a private duty." *Serviss,* 711 N.E.2d at 100.[4]

### Discussion

■ After the Court of Appeals decided this case, we rendered our opinion in *Benton v. City of Oakland City,* 721 N.E.2d 224 (Ind.1999). In *Benton,* we recognized that "in the wake of the decisions in *Mullin v. Municipal City of South Bend* and *Henshilwood v. Hendricks County,*" it was difficult to distinguish whether a governmental unit was guilty of *an affirmative act of negligence* ("malfeasance") or a *failure to act* ("nonfeasance"). *Benton,* 721 N.E.2d at 226. In acknowledgment of this difficult distinction and other legal principles that "Indiana courts [had] enunciated ... in the course of deciding tort claims filed against governmental units," we undertook a detailed reexamination of the law. *Id.*

■ Returning to the framework this Court had established over 25 years earlier in *Campbell v. State,* 259 Ind. 55, 284 N.E.2d 733 (1972), we reaffirmed in *Benton* that "all governmental units are bound, both directly and under the theory of respondeat superior, by the common law duty to use ordinary and reasonable care under the circumstances." *Benton,* 721 N.E.2d at 232–233. And while the government is insulated from liability in the performance of a few exceptional tasks, "*Campbell* is properly applied by presuming that a governmental unit is bound by the same duty of care as a non-governmental unit." *Benton,* 721 N.E.2d at 230.

In *Benton,* we considered the claim of a plaintiff injured in a municipal recreational facility. After a fourteen-year-old boy sustained injuries while swimming at a public swimming area, he sued the city claiming it was negligent in its operation of the lake. We ultimately held that the city was not entitled to summary judgment as a matter of law on the issue of its "long-recognized duty to maintain a public recreational facility in a reasonably safe manner." *Id.,* at 233 (citing *City of Bloomington v. Kuruzovich,* 517 N.E.2d 408, 414 (Ind.Ct.App.1987) ("[T]he state and its units are liable for failure to maintain reasonably safe parks."); *Mills v. American Playground Device Co.,* 405 N.E.2d 621, 627 (Ind.Ct.App.1980) (defining a municipality's duty as one "to exercise ordinary care to make public parks reasonably safe for persons rightfully frequenting and using the parks and equipment"), *reh'g denied; Clayton v. Penn Central Transp. Co.,* 176 Ind.App. 544, 549, 376 N.E.2d 524, 527 (1978) (citing *Campbell* and reversing summary judgment for the defendant city on the issue of duty as material facts existed as to whether a "duty of reasonable care" was owed "to the individual children and parents to make the park a safe place for children to play"); *Sherfey v. City of Brazil,* 213 Ind. 493, 495, 502, 13 N.E.2d 568, 569, 572 (1938) (Minor "severely injured [in a city park] when he ran into a bed of concealed fire.") ("[A] municipality may be liable for its negligence in the management of its public parks"); *City of Terre Haute v. Webster,* 112 Ind.App. 101, 103, 105, 40 N.E.2d 972, 973 (1942) (Minor injured in a city park where he "stepped and fell into a hole just west of a certain stone drinking fountain ... [while approaching] to get a drink.") ("[A] city is liable for structural defects in a city park where [the] structural defects are due to a lack of reasonable care on the part of [the] city to make [the] park a reasonably safe place for persons using [the] park for park purposes.") (collecting cases)).

Here, we agree with the Court of Appeals's result, if not its reasoning, in ac-

---

[governmental] entity itself has created the plaintiff's perilous situation." *Henshilwood,* 653 N.E.2d at 1067.

**4.** In dissent, Judge Friedlander viewed the Servisses' complaint as alleging "a failure to act and not affirmative negligence," believing that the trial court properly "appl[ied] the *Mullin* test." *Serviss,* 711 N.E.2d at 101.

knowledging the government's duty to maintain a public recreational facility in a reasonably safe manner. Thus, the State was not entitled to summary judgment on the issue of duty as genuine issues of material fact remain with respect to whether the State was negligent in its operation of the Indiana Dunes State Parks.

### Conclusion

We therefore (1) grant transfer; (2) adopt and incorporate by reference Part I of the Court of Appeals's opinion addressing governmental immunity; (3) vacate the remainder of the opinion of the Court of Appeals; and (4) remand to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.