**Kim L. CONNER and Elizabeth Conner, Appellants–Plaintiffs,**

v.

**STATE of Indiana and Indiana Department of Natural Resources, Appellees–Defendants.**

**No. 57A03–9811–CV–474.**

Court of Appeals of Indiana.

Feb. 29, 2000.

---

Ann M. Trzynka, Avery Boyer & Van Gilder, Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

HOFFMAN, Senior Judge

This court previously issued an opinion which affirmed the trial court's grant of summary judgment against Plaintiffs–Appellants Kim L. Conner and Elizabeth Conner ("the Conners") and in favor of Defendants–Appellees State of Indiana and Indiana Department of Natural Resources (collectively, "the State"). *See*

*Conner v. State,* 720 N.E.2d 742 (Ind.Ct. App.1999). The Conners have filed a petition for rehearing in which they challenge this opinion. We grant the Conners' petition.

The Conners raise one issue for our consideration on rehearing, which we restate as: whether the trial court erred in determining, as a matter of law, that the State owed no duty to the Conners.

On May 28, 1995, the Conners visited the Chain–O–Lakes State Park, where they used playground equipment located near the park's beach. Kim Conner began using a swing, the seat of which was constructed of reinforced rubber and secured with metal rivets. As Kim was swinging, the rubber portion of the swing's seat pulled away from the rivets, causing Kim to fall and suffer injuries.

Kim filed a complaint against the State asserting a claim for his injuries. Elizabeth Conner joined as a plaintiff asserting a claim for loss of consortium. The State thereafter filed a motion for summary judgment alleging that no private duty was owed to the Conners. After considering the submissions of the parties, the trial court entered findings and conclusions granting the State's motion. (R. 183–89).

In our original opinion, we applied the three-part "private duty-public duty" test articulated by our supreme court in *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278, 283 (Ind.1994), to ascertain whether the State owed a private, rather than a public, duty to the Conners. *Conner,* 720 N.E.2d at 744. In so doing, we relied on *Aldridge v. Department of Natural Resources,* 694 N.E.2d 313, 316 (Ind. Ct.App.1998), *trans. denied,* for the proposition that "a plaintiff seeking to recover against a governmental entity for negligence must show more than a duty owed to the public at large." *Id.* We also cited the "malfeasance-nonfeasance" test articulated in *Henshilwood v. Hendricks County,* 653 N.E.2d 1062 (Ind.Ct.App.1995), *trans. denied,* for the proposition that the *Mullin* test applies absent any allegation

"that the governmental entity engaged in an affirmative act of negligence." *Id.* at 745. We ultimately concluded that the trial court correctly entered summary judgment on the basis of the *Mullin* test. *Id.*

 After our opinion was handed down, but before it was certified by the clerk pursuant to Ind.Appellate Rule 15(B), our supreme court handed down *Benton v. City of Oakland City*, 721 N.E.2d 224 (Ind.1999) and *Serviss v. Department of Natural Resources*, 721 N.E.2d 234 (Ind.1999). In *Benton,* the court had occasion to address the implications of *Mullin, Aldridge,* and *Henshilwood.* The court concluded that "a governmental unit is bound by the same duty of care as a non-governmental unit except where the duty alleged to have been breached is so closely akin to one of the limited exceptions (prevent crime, appoint competent officials, or make correct judicial decisions) that it should be treated as [an exception] as well." 721 N.E.2d at 230. The court also concluded that the *Mullin* test is only to be employed when a governmental unit is alleged to have breached a duty to provide emergency services and that a governmental unit's duty does not depend upon the considerations articulated in *Aldridge* and *Henshilwood. Id.* at 231–33.

In *Benton,* the supreme court held that Oakland City had a duty, as part of its common law duty of ordinary and reasonable care, to warn "where diving is dangerous." *Id.* at 234. In *Serviss,* the court applied *Benton* and concluded that the Department of Natural Resources had a duty to maintain a public recreational facility in a reasonably safe manner. 721 N.E.2d at 236–37. In both cases, the court determined that summary judgment was inappropriate on the facts of the case. We follow the supreme court's lead, and we hold that the trial court erred in granting summary judgment on the basis of the public-private duty test.

We grant rehearing, and we reverse and remand with instructions that the trial court vacate its summary judgment order.

GARRARD, J., and BAILEY, J., concur.