Filed May 28, 1889.

No. 13,773.

## THE CITY OF GOSHEN v. MYERS.

CITY.—*Public Bridge.—Duty to Repair.—Liability for Injury.*—It is the duty of a city, in this State, to keep a public bridge, within its limits and of which it takes control, in repair, although such bridge may have been originally built and maintained by the county as part of a public highway, and its failure to do so renders it liable to one who suffers injury without contributory negligence.

SAME.—*County Bridge.—Acceptance by City.*—A bridge constitutes part of the highway upon which it is situate, and a city, by taking charge of and improving the highway, accepts and becomes charged with the maintenance of a bridge constructed thereon by the county.

From the Elkhart Circuit Court.

*J. A. Simmons, H. D. Wilson* and *W. J. Davis*, for appellant.

*W. L. Stonex* and *E. E. Mummert*, for appellee.

COFFEY, J.—It is averred in the complaint in this cause that the appellant is a municipal corporation, and that, on the 25th day of August, 1886, there was a public bridge within the corporate limits of the said city of Goshen, which

it was bound to keep in repair; that it permitted said bridge to become so much out of repair that, on said day, while the appellee was driving across the same with due care and without any knowledge of its unsafe condition, the planks thereon broke under his horse and he was thereby injured, to the damage of the appellee.

The cause was put at issue by a general denial. At the request of the appellant the court found the facts specially and stated its conclusions of law thereon. The facts as found by the court are, substantially, that the city of Goshen was organized as a town in the year 1831, and in the year 1868 it was organized as a city under the general laws of the State providing for the organization of cities. The bridge named in the complaint was constructed by Elkhart county, on what is known as the Lima State road, twenty-seven rods east of the east end of Market street, in the city of Goshen, but within the corporate limits of said city. The land has never been platted into lots between the east end of Market street and the bridge, and on the east side of the bridge the land never was platted into lots, except a small addition fronting on the said Lima State road, fourteen rods east of said bridge, but buildings are erected and occupied on both sides of said Lima road east of the bridge, none being nearer than fourteen rods, but all being within the city limits of said city, the corporation line being one-fourth of a mile east of said bridge. The bridge was constructed in the year 1877, at a cost of twelve hundred dollars, which was paid out of the general county funds. Up to the date of the injury complained of, the bridge had never been repaired, either by the county or city, and it had been out of repair and dangerous for more than one year prior to the injury complained of, of which fact the city had notice. Prior to the injury set up in the complaint, the city of Goshen had taken charge of the Lima road within the city, and had graded it, as well as the streets in the addition to said city east of said bridge. At the time of the injury complained of, the

appellee attempted to drive over said bridge with a span of horses and a wagon, and while doing so with due care, a worn out and decayed plank broke by reason of one of said horses stepping on it, and the horse partly fell through the hole made thereby and was permanently injured, to the appellee's damage in the sum of eighty-five dollars. The appellee had no knowledge of the dangerous condition of the bridge, and said injury occurred without any fault or negligence on his part.

Upon these facts the court stated as conclusions of law: 1st. That the appellant was liable for the injury to the appellee's horse. 2d. That the appellee was entitled to recover eighty-five dollars.

The appellant assigns as error: 1st. That the court erred in its conclusions of law. 2d. The complaint does not state facts sufficient to constitute a cause of action. 3d. The court erred in overruling the appellant's motion in arrest of judgment.

It is earnestly contended by the appellant, by its counsel, that it was not bound to keep the bridge now under consideration in repair, and, not being so bound, that it is not liable for any injury that resulted to the appellee's property by rea-son of any defect therein. On the other hand, it is contended by the appellee that cities in this State have the exclusive control of all public bridges within their corporate limits, and that they are bound to keep them in repair, and that they are liable for all injuries that may result to others without their negligence by reason of the neglect to perform that duty.

It will be seen that a correct solution of the question involved can only be had by ascertaining whether the city of Goshen was charged with the duty of keeping the bridge in repair, for if that duty rested upon the city, then, if it is provided by law with means of keeping the bridge in repair, it must respond to the appellee for the injury he has sustained by reason of its negligence.

It has often been held by this court that it is the duty of the counties in this State to keep their bridges in repair, and that they are liable in damages to those injured, without their fault, for a neglect of that duty. *Board, etc.,* v. *Legg,* 93 Ind. 523; *Board, etc.,* v. *Brown,* 89 Ind. 48; *Board, etc.,* v. *Deprez,* 87 Ind. 509. But the county is not liable for a failure to keep in repair bridges over which the board of commissioners has no control.

In the case of *Board, etc.,* v. *Deprez, supra,* it was said by ELLIOTT, J., who delivered the opinion of the court, that: " Where the complaint shows a bridge to be within a city the county can not be held liable, if, in such a case, it can be held liable at all, without affirmatively showing that the bridge belonged to the county, and that the county was charged with the duty of maintaining it. Under our statute it is quite clear that counties have no power to build bridges as part of the streets of a city, for that duty is expressly committed to the common council."

By section 3161, R. S. 1881, the common councils of cities are given the exclusive control and power over the streets, alleys, highways and bridges within the cities of this State, and it is expressly provided that no person residing in such cities shall be required or compelled to work on any road without the city, nor shall any property lying or being within the city be taxed for the purpose of working, opening, improving or repairing any road or bridge without the limits of such city. It was evidently the intention of the Legislature by the passage of this statute to leave all public bridges, within the limits of the cities in the State, of which they may take control, under the absolute management of the common council of such cities, and to charge them with the duty of keeping such bridges in repair.

In our opinion, it was the duty of the city of Goshen to keep the bridge under consideration in repair. The public bridges within the limits of the cities of the State, located upon the streets and public highways of the cities, constitute a part

of such streets and highways, and such cities, where they take charge of the same, are liable to persons suffering injury or loss, without fault or negligence, for the neglect to keep such bridges in repair. *Lowrey* v. *City of Delphi*, 55 Ind. 250 ; *City of Delphi* v. *Lowery*, 74 Ind. 520.

It is urged by counsel for the appellant that there is no finding that the city of Goshen had ever accepted the bridge or the public highway, and, therefore, it was not required to keep the same in repair. Our attention has not been called to any law requiring the city to make any formal acceptance of such bridge and highway, and we know of none. It was, perhaps, a sufficient acceptance of the same to include them within the corporate limits of the city. But there is a finding that the city did take charge of the public highway upon which the bridge was built, and graded it. As the bridge constitutes a part of such highway, we know of no rule by which they can be separated. The acceptance of the one ought to carry with it the acceptance of the other. We do not think the court erred in its conclusions of law upon the facts as found.

It is disclosed by the record that the appellant filed a demurrer to the complaint in this cause, but before such demurrer was passed upon by the court, the same was withdrawn and an answer filed. It is not necessary that we should pass upon the question as to whether this complaint is sufficient to withstand a demurrer. We think it good after verdict, and that the court did not err in overruling the motion in arrest of judgment.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

MITCHELL, J., took no part in the decision of this case.

Filed May 28, 1889.