Filed Dec. 17, 1890.

---

No. 14,659.

# SPICER· *v.* THE BOARD OF COMMISSIONERS OF ELKHART COUNTY.

BRIDGE.—*County Bridge within City Limits.—Negligence of County in Making Repairs.—Liability of County.—Complaint.—Insufficiency of.*—A complaint in an action against a county for a personal injury resulting from the negligence of the county in failing to properly guard a bridge, within the city limits, while making repairs thereon, which does not show that the bridge belonged to the county, or that it was its duty to keep it in

repair, is bad. The fact that the county had built the bridge, and had contracted for its repair did not disclose the county's liability to maintain it.

From the La Grange Circuit Court.

*J. M. Vanfleet,* for appellant.

*W. L. Stonex* and *E. E. Mummert,* for appellee.

BERKSHIRE, J.—The appellant was the plaintiff in the court below. The appellee addressed a demurrer to the complaint, which was sustained, and an exception to the ruling of the court noted.

The appellant refused to amend her complaint, and judgment was rendered against her for want of a sufficient cause of action.

The only question presented by the record is whether or not the complaint stated a good cause of action.

The action was to recover damages for personal injuries. The complaint alleges that for ten years preceding the institution of the action there had been an iron bridge across the St. Joseph river, and within the corporate limits of the city of Elkhart, erected by the appellee at a cost of $20,000.

It further appears that said bridge was a part of one of the main travelled streets in said city.

That the appellee, in the year 1886, let a contract to repair the said bridge at the sum of $4,650, to one William Smith, and at the same time employed one John T. Newman to superintend the work, and to see that it was properly done; that in making said repairs the planks forming the floor of said bridge were taken up and removed for a space of twelve feet, leaving an open hole twelve feet wide and sixteen feet deep; that no barricades were put around said hole, and no lights placed so that it could be seen after nightfall; that in the evening, near half past ten o'clock, the appellant was walking across said bridge, on her way home from the paper-mill; that it was very dark, and she was walking slowly and carefully, and using due care, when,

without fault on her part, she fell into said hole and was severely injured.

Brushing aside all other questions, we deem the complaint bad, for this reason : It does not appear that the bridge belonged to the appellee, nor that it was its duty to keep it in repair.

The bridge being within the city of Elkhart, and forming one of its streets, it was incumbent upon the appellant to show by affirmative averments that it was the duty of the county to maintain the structure. *City of Goshen* v. *Myers*, 119 Ind. 196 ; *Board, etc.*, v. *Deprez*, 87 Ind. 509.

The fact that the county had built the bridge, and had contracted for its repair, did not disclose the county's liability to maintain it.

By the statute, section 3161, R. S. 1881, exclusive power was given to the common council of cities over streets, alleys, and bridges, within such cities.

In the case of *City of Goshen* v. *Myers, supra*, the bridge brought in question was erected by the county of Elkhart in the year 1877, and it was held that the city, and not the county, was charged with its maintenance, citing the statute referred to above, and *Board, etc.*, v. *Deprez, supra*.

Whether or not the individual members of the board were guilty of an actionable wrong is a question in regard to which we intimate no opinion ; nor as to whether there was any liability on the part of the city.

The act of the Legislature, approved March 7, 1885 (Elliott's Supp., beginning with section 1518), referred to by counsel on both sides of the case, is not involved, as the bridge was built long before the statute was enacted, and it has no retroactive force.

We find no error in the record.

Judgment affirmed, with costs.

Filed Dec. 17, 1890.