(Franklin County Court of Common Pleas.)

### FREDERICK, Adm'r. v. THE CITY OF COLUMBUS.

---

*Liability of municipality for negligence of fire department.*

A municipal corporation is not amenable in damages to one who was injured by the negligence of the officers and employes of its fire department, committed while they were practicing with a fire tower, in one of the public streets of the corporation.

(Decided September Term, A. D. 1895.)

---

PUGH, J.

The plaintiff prosecutes this action for damages as administratrix of the estate of James H. Frederick, deceased. The fire department of this city, on the 24th day of June, 1895, was practicing with a water tower which belonged to the city. The practice took place on one of the public streets of the city.

James H. Frederick was sitting in a carriage hard by, witnessing the drill. The tower fell down, and falling on him, killed him.

The plaintiff charges that the proximate cause of his death was the negligence of the city, the acts of negligence consisting of the imperfect construction of the tower, or parts of it, placing it in this condition in the hands of its employes of the fire department, and the unskilled use of the tower by such employes.

The demurrer to the petition presents the question, whether the city is liable.

A municipal corporation is not liable for the negligence or wrongful acts of its officers or agents by which an injury is done, where the negligence or wrongful act was done while the officer or agent was engaged in a duty pertinent to the exercise of the governmental functions of the corporation.

Conversely, when, under the same circumstances, the injury was inflicted by the officer or agent while he was acting for the corporation in the discharge of a duty pertinent to the exercise of some private franchise, conferred upon it by law, and which the corporation may exercise for the private profit, benefit, advantage, or convenience of the corporation, in its corporate capacity, or for the special convenience or benefit of its citizens alone, then the corporation is liable for the consequences of the injury in damages.

There does not seem to be any discord of opinion, reason or authority as to the statement of these rules of law. It is in their application to concrete cases that the difficulty is encountered. It is not easy to classify some of the cases, and some of them are not consistent with others.

For illustration, in Toledo v. Cone, 41 Ohio St. on page 163-4, the delivering judge said: "It lay within the legislative capacity, judgment and discretion of the city to provide for the burial of the dead, and to build requisite vaults; but, having become the owner of such property, the city in managing it was held to the same degree of care in preventing damage to others as would be required of natural persons." But in the same opinion (page 160) it was said: "The manner and extent to which legislative and governmental powers delegated to municipal corporations for the public good are to be exercised, must rest, in a large measure, in their judgment and discretion; but acting as bare instrumentalities, they cannot be held liable to individuals for a defect in the execution of such powers, unless a right of action is given by statute."

Again in another part of the opinion (page 165), one of the reasons given for the decision was that the cemetery was a source of profit to Toledo. That in itself was sufficient to make the power to provide a cemetery a corporate one in character, and not governmental. The city did not, therefore, hold, and deal with, the cemetery in the discharge of a public duty, but for its own benefit.

Tiedeman's Municipal Corporations, section 338a and authorities cited.

In the syllabus, the ruling principle of the decision is announced to be that the city was liable because the negligence of its agents was committed while in the discharge of ministerial duties concerning its property. The observation of the delivering judge that the power and duty of providing a cemetery was legislative was an obiter dictum.

If the ruling principle is that the city was liable for the negligence of its agents committed while they were discharging a duty pertinent to the exercise of a governmental function, it is not in harmony with the decision in Wheeler v. Cincinnati, 19 Ohio St., 18; for there it was unequivocally declared that the defendant was not responsible for the negligence of officers and others connected with the fire department.

The statement of the case discloses that two acts of negligence were imputed in the city: (1), "that it had failed and neglected to provide the necessary cisterns and suitable engines for extinguising fires;" and (2), "that certain officers and agents of the fire department * * * had neglected and failed to perform their duties in regard to the extinguishing of the fire," which caused the injury to the plaintiff.

That case and the case at bar are exactly parallel. It was not a case where there was a non-execution, but a defective execution, of governmental power. And the court's opinion makes it plain that the second question agitated in this case at bar was decided; for it says: "Nor is it liable for a neglect of duty on the part of fire companies, or their officers, charged with the duty of extinguishing fires."

This court could not decide this case in favor of the plaintiff unless it had the power to reverse the decision in the Wheeler case. Its ruling principle is that the power and duty of protecting citizens from the perils of fires are governmental, and not corporate.

The unreported case of Newark v. Frye, is not a parallel case to this one at bar. It is mentioned by Judge Okey in the opinion delivered in Robinson v. Greenville, 42 Ohio St., 625.

The ruling principle of Dayton v. Pease, 4 Ohio St., 80, was applied in deciding Newark v. Frye, and that was, that the city of Dayton was liable, because the negligence of its agents was committed while they

were constructing public improvements, from which the inhabitants of the city derived a private advantage, the public at large being only benefited incidentally by them.

I confess I cannot perceive how this enabled the court to decide Newark v. Frye.

For the purpose of testing a fire extinguisher, an old building was placed in a street of Newark; it was then filled with boxes and shavings, and over them gasoline was poured, the officers of the city taking part in these acts.

Judge Okey cited two Wisconsin cases which furnish a better solution of the question in Newark v, Frye. It is that the act of placing in the street the building filled with boxes and shavings and saturated with gasoline was dangerous *per se*. The city was not exercising legislative or governmental power when it licensed its officers to do such a dangerous act, and therefore it was liable.

Even if it was then exercising legislative power, through its agents, that did not authorize it to erect a nuisance in one of its streets.

Wherever and whenever this question under discussion has been made, it has been uniformly decided that municipal corporations are not liable for the wrongful acts of police and health officers, committed in the course of their ordinary employment.

The duties of officers and members of the fire department are not different in legal complexion from those of police and health officers.

The distinction between the negligence of the agents of the municipal corporation, committed while engaged in contructing a sewer on a street, and their negligence committed while they are extinguishing a fire, or testing an appliance for extinguishing fires, seems to be based on reasonable grounds.

Sewers are built and streets are improved, and they are maintained, in part, for the private benefit and advantage of the abutting lot owners, who in part, or in whole, pay for the same." Coan v. City of Marlborough, 41 N. E. Rep. 39.

The best criterion of corporate liability for the acts of the officers or agents of the municipality, after all, turns upon the nature of the duties with which they are charged . When they are for the general good of the public as individual citizens, they are governmental; they then act for the state, and the rule of immunity governs. When the duties are of that class which are primarily incumbent upon the municipal corporation, then the latter is responsible for the negligence of its officers and agents committed in the ordinary course of their employment. The officers and agents are then the agents, the servants, of the corporation.

This is nearly illustrated by the case of Mead v. New Haven, 40 Conn. 72.

The city appointed an inspector of steam boilers. The plaintiff claimed that he was injured by the negligence of the inspector.

The observation of the court was: "The duty of inspection of boilers was governmental. The object of the inspection was to protect all citizens from danger who may come in contact with the boiler, or may be exposed in any way to danger from its unsafe condition. The city, as such, has no pecuniary or individual or private interest in the matter; and although the power of the city over the subject is conferred by the charter, and not by the general law, yet the city must, we think, be regarded as the agent of the government, and acting for the state and not for itself, in making the appointment of inspectors, and therefore, not liable for the inspector's negligence."

If the city can be made liable, in the case at bar, then if the officers

and members of the fire department should, at any future fire injure persons or property by their unskillfulness in laying the hose or in the use of the fire apparatus, the city can be amerced in damages. So it can, if one should be injured by a fire engine, manned by the members of the fire department, and whose want of due care, while endeavoring to reach a fire, caused the injury.

The exact question involved here has been decided by courts of sister states, and their testimony as to the law is in accord with that of our supreme court in the Wheeler case.

In Thompson v. Mayor, 52 N. Y. Sup. Ct., 427, the city was exonerated from liability for the negligent conduct of its employes of the fire department.

In Edgerly v. Concord, 59 N. H. , 78, the defendant was acquitted of liability for an injury caused by the negligent testing of a hydrant.

Hafford v. New Bedford, 16 Gray, 297, a case in which a hose carriage on its way to a fire ran over the plaintiff; Fisher v. Boston, 104 Mass., 87, in which the plaintiff's injury was caused by the rupture of a hose; Burrill v. Augusta, 3 Atl., in which escaping steam from a fire engine left standing in the street caused a horse to run away, thereby doing the injury for which the suit was brought; Wild v. Patterson, 1 Atl., 490, 47 N. J. Law, 406, in which the injury resulted from the defective brake of a fire engine; Hayes v Oshkosh, 33 Wisc., 314, in which the injury was caused by the fireman negligently allowing the sparks to escape from the engine; Wilcox v. Chicago, 107 lll., 337, in which the damage was the result of a collision with a hook and ladder wagon, the driver of the wagon being negligent; Howard v. San Francisco, 51 Cal., 52, in which a collision with the fire engine was the cause of the injury; McKenna v. St. Louis, 6 Mo. App., 320, in which the negligent management of the hose carriage was the gravamen of the action; Jewett v. New Haven, 38 Conn., 368, and Grube v. St. Paul, 26 N. W., 228, 37 Minn., 402, exactly similar cases; Welch v. Rutland, 56 Ver., 228, in which the injury was caused by ice made of water that was negligently allowed to run from a fire hydrant; Dodge v. Granger, 17 R. I., 657, 24 Atl., 100, in which the injury was caused by the negligent projection of a ladder from an engine house; Simon v. Atlanta, 67 Ga., 618, in which the damage was the result of a rope stretched across the street by the fire department—all these are cases which illustrate the rule that municipal corporations are not answerable for wrongful acts of their officers or agents which were done while they were engaged in performing the governmental functions of a corporation.

See also, Patch v. Covington, 17 B. Mon., 722; Brinkmeyer v. Evansville, 29 Ind., 187; Weightman v. Washington, 1 Black, 39, 49; Kies v. City of Erie, 135 Pa. St., 144, 19 Atl., 942; Heller v. Sedalia, 53 Mo., 149; Robinson v. Evansville, 87 Ind., 334.

In Tiedeman's Municipal Corporations, section 333, it is stated that a city is not liable to one that has been damaged by reason of negligence on the part of the officials having charge thereof, in the use or care of the fire engines, or other similar apparatus owned by the city," a large number of authorities being cited, some of which I have adduced.

Accountability, upon the principle of agency, must concur with the injury to give a cause of action against a corporation, in any tribunal, at common law. Not being able to discover any such accountability resting upon the city, in this case, the demurrer is sustained.

Huling & Davis, for plaintiff.

Barger & Irvine, for defendant.