**Dennis E. GATES and Shelley D. Gates, Appellant–Plaintiffs,**

**v.**

**TOWN OF CHANDLER, WATER DEPARTMENT, Appellee–Defendant.**

No. 87A01–9903–CV–98.

Court of Appeals of Indiana.

March 13, 2000.

---

**5.** Due to our resolution of this issue, we need not address the other contentions raised by the parties.

**118**

George C. Barnett, Jr., Douglas K. Briody, Bowers, Harrison, Kent & Miller, LLP, Evansville, attorneys for appellants.

James D. Johnson, Rudolph, Fine, Porter & Johnson, LLP, Evansville, attorney for appellee.

## OPINION ON REHEARING

NAJAM, Judge.

Dennis and Shelley Gates (collectively "Gates") petition for rehearing of our opinion in *Gates v. Town of Chandler, Water Dep't*, 720 N.E.2d 1192 (Ind.Ct.App.1999). There, we affirmed the trial court's grant of summary judgment in the negligence suit brought by Gates against the Town of Chandler Water Department (the "Water Department") based upon the Water Department's failure to maintain an adequate water supply and water pressure to extinguish a fire at the Gates home. We premised our opinion on precedent of our supreme court and this court applying the private/public duty analysis to determine whether the Water Department owed a duty to Gates in negligence.[1] We held that the Water Department owed no private duty to Gates to maintain a water supply adequate to extinguish a fire at the Gates home.

Twelve days after our opinion was issued, our supreme court issued its opinion in *Benton v. City of Oakland City*, 721 N.E.2d 224 (Ind.1999)[2] changing the analytical framework within which courts should consider governmental tort liability. Specifically, our supreme court has returned to the moorings of earlier cases. We grant rehearing to address Gates' negligence claim in light of *Benton*.

The *Benton* court observed that while older common law principles immunized governmental units from tort liability, that immunity was abrogated in a series of decisions, the last of which was *Campbell v. State*, 259 Ind. 55, 284 N.E.2d 733 (1972). *Id.* at 227. Before *Campbell*, the general common law rule was that governmental units were immune from liability for their torts unless the court had recognized an exception. *Id.* *Campbell* then reversed the common law presumption to provide that governmental units would be liable for any "breach of a duty owed to a private individual," that is to say, the duty to use ordinary and reasonable care under the circumstances. *Id.* at 227–28. In other words "Indiana common law would henceforth treat a governmental defendant no different from a non-governmental defendant." *Id.* at 228. In abolishing the doctrine of sovereign immunity in almost all respects and establishing a new rule in which governmental immunity is the exception, the *Campbell* court delineated three situations under which immunity would be retained and governmental units would not be liable for "acts or omissions which might cause damage to persons": (1) where a city or state fails to provide adequate police protection to prevent crime; (2) where a state official makes an appointment of an individual whose incompetent performance gives rise to a suit

---

1. As we noted in our original opinion, the Water Department did not claim statutory immunity under the Tort Claims Act. *See* Indiana Code Section 34–13–3 *et seq.*

2. *See also Serviss v. State Dep't of Natural Resources*, 721 N.E.2d 234 (Ind.1999).

alleging negligence on the part of the state official for making such an appointment; and (3) where judicial decision-making is challenged. *Campbell*, 259 Ind. at 62–63, 284 N.E.2d at 737 (citations omitted).

Noting the confusion caused by various cases that came after *Campbell*, our supreme court in *Benton* returned to and reaffirmed *Campbell*. The court held that:

> *Campbell* is properly applied by presuming that a governmental unit is bound by the same duty of care as a non-governmental unit except where the duty alleged to have been breached is so closely akin to one of the limited exceptions (prevent crime, appoint competent officials, or make judicial decisions) that it should be treated as one as well. We refuse to articulate a one-size-fits-all test for determining when a duty is so closely akin to one of the limited exceptions that it should be treated as one as well.... The best we can say as a general proposition is that because the duty of care is so pervasive, any additional exceptions will be rare and identified on a case-by-case basis.

*Benton*, 721 N.E.2d at 230.

Accordingly, on rehearing, rather than asking whether the duty alleged to have been breached—the duty to maintain an adequate water supply for fire protection—is a private duty or a public duty, we must ask whether the duty is so closely akin to one of the limited exceptions (prevent crime, appoint competent officials, or make correct judicial decisions) identified in *Campbell* that it should also be recognized as an exception. *See id.* at 230–31. Although the issue was not before our supreme court in *Benton*, and appears to have been rendered moot by an amendment to the Indiana Tort Claims Act, the court stated its belief that the duty to provide emergency services is sufficiently similar to the "prevent crime" exception in *Campbell* to raise the possibility of immunity. *Id.* at 231 n. 12.

■ Likewise, we believe that adequate fire protection is so closely akin to adequate police protection that fire protection should be treated as an exception to governmental tort liability under *Campbell*. Both services are essential for public safety, which is the primary function of government. Both are required to sustain a well-ordered society that values and protects the lives and property of its citizens. *See Kennedy v. Tri–City Comprehensive Community Mental Health Ctr., Inc.*, 590 N.E.2d 140, 144 (Ind.Ct.App.1992) (maintenance of organized society requires the presence and protection of fire fighters and police officers), *trans. denied*. Police and fire protection rank together in the essential nature of the services provided. *See id.* Government provides fire protection as an essential public service because fire, like crime, is a common enemy.

■ Our decision today is consistent with Indiana common law as it existed both before and after *Campbell* which recognized that some vestige of governmental immunity must be retained. *Benton*, 721 N.E.2d at 227. Essentially, we affirm the long recognized common law rule that a municipality is not liable to an owner of property destroyed by fire even though the destruction may have resulted from the failure to provide suitable equipment or an adequate supply of water with which to fight the fire, i.e., insufficient water pressure, insufficient lengths of hose, or improperly functioning hydrants. *Boyle v. Anderson Fire Fighters Ass'n Local 1262*, 497 N.E.2d 1073, 1077 (Ind.Ct.App.1986) (citing *Larimore v. Indianapolis Water Co.*, 197 Ind. 457, 151 N.E. 333 (1926); *Trustees v. New Albany Waterworks*, 193 Ind. 368, 140 N.E. 540 (1923); *Robinson v. City of Evansville*, 87 Ind. 334 (1882)), *trans. denied*. Nor is a municipality subject to liability for negligently failing to timely provide an adequate number of fire fighters who are competent to fight the fire and fit for duty. *Id.*

In sum, under the common law enunciated in *Campbell* and reaffirmed in *Benton*,

we hold that the failure to provide adequate fire protection should be treated as an exception to governmental tort liability and, therefore, that the Water Department is immune from liability on the claim that it failed to maintain an adequate water supply to extinguish a fire at the Gates home. The petition for rehearing is granted and the trial court's summary judgment in favor of the Water Department is affirmed.

Affirmed.

STATON, J., and VAIDIK, J., concur.