Barbie **LAMB; Ryan Chiddister; Robin Donaldson, individually, and on behalf of her three minor children, Karen Munk; Jennifer Holtzknecht; Mary Thomas–King; Quincy Brown; Betty Jo Durr; Allen Pointer; Paul Schafer; Travis Carter; and Scott Bisselberg, Appellants–Plaintiffs,**

v.

**CITY OF BLOOMINGTON, Indiana; John Fernandez, individually and in his official capacity as Mayor of the City of Bloomington; Kathy Saunders, individually and in her official capacity as Fire Chief of the Bloomington Fire Department; Bloomington Fire Department; and Other Defendants to be identified during the discovery phase, Appellees–Defendants.**

No. 53A01–0009–CV–293.

Court of Appeals of Indiana.

Jan. 24, 2001.

Carl Paul Lamb, Bloomington, Indiana, Attorney for Appellants.

David J. Jones, Jones & Wallace, Evansville, Indiana, Attorney for Appellees.

## OPINION

BROOK, Judge

### Case Summary

Appellants-plaintiffs Barbie Lamb, Ryan Chiddister, Robin Donaldson, individually, and on behalf of her three minor children, Karen Munk, Jennifer Holtzknecht, Mary Thomas King, Quincy Brown, Betty Jo Durr, Allen Pointer, Paul Schafer, Travis Carter, and Scott Bisselberg (collectively, the "Appellants") appeal the trial court's

dismissal of their action against the City of Bloomington ("Bloomington"), John Fernandez ("Fernandez"), individually and in his official capacity as the mayor of Bloomington, Kathy Saunders ("Saunders"), individually and in her official capacity as Bloomington's fire chief, the Bloomington Fire Department ("BFD"), and other defendants "to be identified during the discovery phase" (collectively, the "Appellees"). We affirm.

### Issue

The Appellants raise one issue that we restate as whether the trial court properly dismissed their action based upon a finding of governmental immunity.

### Facts and Procedural History

According to the complaint, in the early morning hours of April 22, 1999, the BFD received an alert that a fire had started at the Knightridge Manor Apartments ("KMA"). The BFD directed units from four of its stations to respond to the fire. Seven BFD vehicles were dispatched to the scene, and various firefighters, city employees, and third parties arrived. Saunders did not arrive for approximately one hour. In addition to causing one fatality, the fire destroyed several apartments and resulted in substantial personal property damage and/or losses.

On August 26, 1999, the Appellants, former tenants of KMA who suffered losses in the fire, filed a complaint containing the following counts:

I. negligent performance of duty to respond

II. negligent performance of duty to extinguish fire

III. obstruction of firefighters' ability to act

IV. negligent instruction and/or training

V. obstruction with fire investigation

VI. negligent maintenance of equipment

VII. intentional failure to maintain equipment

VIII. negligent failure to seek mutual aid/assistance

IX. improper and/or illegal hiring of fire chief

X. negligent performance of duties as fire chief

XI. negligent staffing procedures and numbers.

On September 23, 1999, the Appellees filed a motion to dismiss. The trial court held oral argument on the motion in February of 2000. On May 4, 2000, the court issued its order of dismissal, which states in pertinent part:

1. The law is with the defendants and against the plaintiffs in regard to the Motion to Dismiss. In this regard, assuming that all allegations of fact contained in the plaintiffs' Complaint are true, the Court finds as a matter of law, that the plaintiffs have not stated a claim for which relief can be granted.

2. In regard to all Counts, except count V, of the plaintiffs' Complaint the defendants are immune from liability to the plaintiffs pursuant to I.C. 34–13–3–3(6) for the performance of discretionary functions. This finding is further supported by recent Indiana caselaw. See Gates v. Town of Chandler, Water Department (2000), 725 N.E.2d 117.

3. In regard to Count V of the plaintiffs' Complaint, the defendants are immune from liability to the plaintiffs pursuant to I.C. 34–13–3–3(11) for failure to make an inspection or for making a negligent inspection. Additionally, the plaintiffs do not have a private cause of action under Count V, but rather any action regarding negligent inspections shall be taken by the Fire Prevention and Building Safety Commission.

4. In regard to Count IX of the plaintiffs' Complaint, the plaintiffs have no standing to challenge the appointment of the fire chief.

5. In regard to all Counts of the plaintiffs' Complaint, the Court finds that the Complaint fails to state claims upon

which relief can be granted for the reason that the defendants owed no private duty to the plaintiffs upon which liability could be founded.

6. For the reasons asserted by the defendants, the Court finds that the allegations of the plaintiffs' Complaint do not state a claim upon which relief can be granted against separate defendant, John Fernandez or the [BFD].

### Discussion and Decision

■ The Appellants contend that the trial court erred in dismissing their action. Specifically, they assert that many of the counts in their complaint "pertained to matters set in place prior to the 'fire' in question and are not, in and of themselves, pertaining to actions taken on the day of the fire[.]"

> When reviewing a T.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we accept as true the facts as alleged in the complaint. A T.R. 12(B)(6) motion to dismiss tests the legal sufficiency of the complaint. When reviewing such a motion, we view the pleadings in the light most favorable to the non-moving party and draw every reasonable inference in favor of that party.

*City of Anderson v. Weatherford,* 714 N.E.2d 181, 184 (Ind.Ct.App.1999) (citations omitted), *trans. denied.* We will affirm such a dismissal when a complaint states a set of facts that, even if true, would not support the relief requested. *Garage Doors of Indianapolis, Inc. v. Morton,* 682 N.E.2d 1296, 1301 (Ind.Ct. App.1997), *trans. denied.* Moreover, we will affirm a successful motion to dismiss if it is sustainable under any theory found in the record. *Id.*

Our supreme court recently clarified the common law of governmental immunity, a subject that had become increasingly confusing over time. *See Benton v. City of Oakland City,* 721 N.E.2d 224 (Ind.1999); *see also Serviss v. State, Dep't of Natural Resources,* 721 N.E.2d 234 (Ind.1999).

The Court in *Benton* eliminated the nonfeasance versus malfeasance distinction. *Benton,* 721 N.E.2d at 231. That decision also effectively rejected the private duty/public duty dichotomy, which looked to whether the duty alleged to have been breached was a "private one" or a "public one," and reaffirmed the earlier holding in *Campbell v. State,* 259 Ind. 55, 284 N.E.2d 733 (1972) that a governmental unit is bound by the same duty of care as a private individual, except in a few limited circumstances. *Id.* at 230.

The *Benton* court provided a list of circumstances where a governmental unit could invoke common law sovereign immunity, these being: (1) failure to provide adequate police protection to prevent crime; (2) appointment of an individual whose incompetent performance gives rise to a suit alleging negligence on the part of a state official for making such an appointment; and (3) judicial decision-making. *Id.; see Campbell,* 259 Ind. at 62–63, 284 N.E.2d at 737. Our supreme court took pains to emphasize that the list was nonexhaustive, stating that additional exceptions, though rare, may be identified on a case-by-case basis when a duty is closely akin to one of the enumerated exceptions. *Benton,* 721 N.E.2d at 230. Furthermore, it stressed that the common law " 'does not relax any of the extensive protections from liability afforded Indiana governmental units by [the Indiana Tort Claims Statute ("ITCA") ].' " *Richardson v. Salaam,* 726 N.E.2d 888, 895 (Ind.Ct.App.2000) (quoting *Benton,* 721 N.E.2d at 227–28), *trans. denied; Benton,* 721 N.E.2d at 232 ("The ITCA ... established extensive immunity provisions which shield governmental units from liability *even in those cases where a common law duty of care exists.*") (emphasis added).

Last year, we held that under the common law enunciated in *Campbell* and reaffirmed in *Benton,* the failure to provide adequate fire protection also should be treated as an exception to governmental tort liability. *Gates v. Town of Chandler,*

*Water Dep't,* 725 N.E.2d 117, 120 (Ind.Ct. App.2000) (opinion on rehearing), *trans. denied.* We explained:

> [A]dequate fire protection is so closely akin to adequate police protection that fire protection should be treated as an exception to governmental tort liability under *Campbell.* Both services are essential for public safety, which is the primary function of government. Both are required to sustain a well-ordered society that values and protects the lives and property of its citizens. *See Kennedy v. Tri–City Comprehensive Community Mental Health Ctr., Inc.,* 590 N.E.2d 140, 144 (Ind.Ct.App.1992) (maintenance of organized society requires the presence and protection of fire fighters and police officers), *trans. denied.* Police and fire protection rank together in the essential nature of the services provided. *See id.* Government provides fire protection as an essential public service because fire, like crime, is a common enemy.

Our decision today is consistent with Indiana common law as it existed both before and after *Campbell* which recognized that some vestige of governmental immunity must be retained. *Benton,* 721 N.E.2d at 227. Essentially, we affirm the long recognized common law rule that a municipality is not liable to an owner of property destroyed by fire even though the destruction may have resulted from the failure to provide suitable equipment or an adequate supply of water with which to fight the fire, i.e., insufficient water pressure, insufficient lengths of hose, or improperly functioning hydrants. *Boyle v. Anderson Fire Fighters Ass'n Local 1262,* 497 N.E.2d 1073, 1077 (Ind.Ct.App.1986) (citing *Larimore v. Indianapolis Water Co.,* 197 Ind. 457, 151 N.E. 333 (1926); *Trustees v. New Albany Waterworks,* 193 Ind. 368, 140 N.E. 540 (1923); *Robinson v. City of Evansville,* 87 Ind. 334 [1882 WL 6831] (1882)), *trans. denied.* Nor is a municipality subject to liability for negligently failing to timely provide an ade-quate number of fire fighters who are competent to fight the fire and fit for duty. *Id.*

In sum, under the common law enunciated in *Campbell* and reaffirmed in *Benton,* we hold that the failure to provide adequate fire protection should be treated as an exception to governmental tort liability and, therefore, that the Water Department is immune from liability on the claim that it failed to maintain an adequate water supply to extinguish a fire at the Gates home. The petition for rehearing is granted and the trial court's summary judgment in favor of the Water Department is affirmed.

*Id.* at 119–20; *see also St. John Town Bd. v. Lambert,* 725 N.E.2d 507, 514 (Ind.Ct. App.2000) ("Thus, the current presumption in Indiana is that governmental units are liable for any breach of a duty owed to a private individual except for such claims as a failure to prevent crime, inadequate fire protection, appointment of an incompetent official, or an incorrect judicial decision.").

The relevant portions of then ITCA are as follows:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: . . .
>
> (6) the performance of a discretionary function; . . .
>
> (11) failure to make an inspection, or making an inadequate or negligent inspection of any property, other than the property of a governmental entity, to determine whether the property complied with or violates any law or contains a hazard to health or safety[.]

Ind.Code § 34–13–3–3.

Both the *Benton* opinion and the *Gates* rehearing opinion were issued after briefing on the motion to dismiss, but before the order dismissing the Appellants' cause. This fact probably explains the somewhat confusingly worded order. In any event, examining the dismissal de novo, *see Yoder*

*Grain, Inc. v. Antalis,* 722 N.E.2d 840, 851 (Ind.Ct.App.2000), we conclude that the trial court reached the correct result. That is, the Appellants' claims were properly dismissed based upon either common law immunity, as set forth in *Gates,* statutory immunity,[1] or both.

■ Count I, negligent performance of duty to respond timely to the fire alert, and Count II, negligent performance of duty to extinguish fire, clearly fall within the ambit of failure to provide adequate fire protection. Therefore, common law provides immunity to the Appellants for these counts. *See Gates,* 725 N.E.2d at 119–20.

■ Count III, obstruction of firefighters' ability to act, alleges that before the fire, Fernandez and Saunders were informed that one of the fire trucks had "serious defects," yet neither remedied the "dangerous situation." The allegedly defective truck was one of the vehicles sent to the KMA fire. This count was properly dismissed as pertaining to a discretionary function under Indiana Code Section 34–13–3–3(6). *See Wade v. Norfolk and Western Ry. Co.,* 694 N.E.2d 298, 302 (Ind.Ct. App.1998) (noting that planning function by governmental agency, which is discretionary and therefore protected by immunity under ITCA, includes formulation of basic policy characterized by official judgment, discretion, weighing of alternatives, and public policy choices, and governmental decisions about policy formation, which involve assessment of competing priorities, weighing of budgetary considerations, or allocation of scarce resources), *trans. denied.* Likewise, Count IV, which alleges that Bloomington, BFD, and Saunders provided negligent instruction and/or training of the firefighters, was properly dismissed as relating to a discretionary function.

■ Count V, obstruction with fire investigation, alleges that the Appellees instructed the firefighters who responded to the KMA fire not to make any written entries about the fire. The complaint alleges that this action was in violation of Indiana Code Section 36–8–17–7 and that it hampered the Appellants' ability to pursue their claim. As the trial court correctly noted, Indiana Code Section 34–13–3–3(11) immunizes the Appellants from suit for this action.

■ Count VI, negligent maintenance of equipment, and Count VII, intentional failure to maintain equipment, allege that Bloomington and BFD "purchased certain and specific equipment to be used in the performance of 'fire protection' and 'fire suppression' in and around the City of Bloomington." These counts further allege that the Appellees "undertook a policy decision not to make needed repairs" to the equipment, hence resulting in damages to the Appellants. Both the common law, *see Gates,* 725 N.E.2d at 119–20, and Indiana Code Section 34–13–3–3(6) provide immunity to the Appellants for this discretionary policy decision.

■ Count VIII, negligent failure to seek mutual aid/assistance "from other surrounding fire departments and/or volunteer fire departments and agencies," falls within the ambit of failure to provide adequate fire protection. Therefore, common law immunity applies. *See Gates,* 725 N.E.2d at 119–20. Count IX alleges that Bloomington and Fernandez damaged the Appellants by improperly or illegally hiring Saunders. Common law immunity applies "where a state official makes an appointment of an individual whose incompetent performance gives·rise to a suit alleging negligence on the part of a state official for making such an appointment."

1. Statutory immunity under the ITCA was not raised in *Gates.* 725 N.E.2d at 118 n. 1. Although the City raised statutory immunity under the ITCA in *Benton,* the "trial court did not decide whether the City was immune under the [ITCA]" and the issue was "not before" our supreme court. 721 N.E.2d at 226 n. 1. In contrast, Appellees raised, and Appellants and the trial court addressed, statutory immunity in the present case.

*Benton,* 721 N.E.2d at 230; *see also Campbell,* 259 Ind. at 63, 284 N.E.2d at 737. As such, Bloomington and Fernandez are immune from suit for the hiring of Saunders.

■ Count X, negligent performance of duties as fire chief, alleges that Saunders failed to arrive on the scene of the KMA fire in a timely manner, should have removed defective equipment from active duty, made ill-advised expenditures on training, clothing, and vehicles, and has been ineffective in increasing the number of firefighters. Saunders is immune from suit for these actions in part by the common law and in part by Indiana Code Section 34–13–3–3(6). That is, some of the actions constitute the failure to provide adequate fire protection, while others represent discretionary acts. Finally, the Appellants were properly granted immunity for the actions alleged in Count XI, negligent staffing procedures and numbers. Again, the common law, as interpreted in *Gates,* grants immunity for the failure to provide adequate fire protection.[2]

Affirmed.

BAKER, J., and BARNES, J., concur.

---

**2.** The Appellees argued that the 'Appellants waived review of various issues. However, we have addressed the merits of the case, and decline to comment on the assertion of waiver.