Gloria O'CONNELL; Diane Pappas, Christopher Lis; George Kedangan and Mary Kedangan, as Husband and Wife; Alex Gergely and Irene Gergely, as Husband and Wife; Riley Stone and Scherry Stone as Husband and Wife, Appellants–Petitioners,

v.

TOWN OF SCHERERVILLE OF LAKE COUNTY, Indiana, Lake County Trust as Trustee of Trust Number 4931, d/b/a Sherwood Lake Apartments; Town Management, LLC By Howard Fink and Larry Rubin in their Respective Official and Individual Capacities; and Sherwood Lake Apartments Maintenance Men Phil (Last Name Unknown) and MIKE (Last Name Unknown) in their Respective and Individual Capacities, Appellees–Respondents.

No. 45A03–0204–CV–115.

Court of Appeals of Indiana.

Nov. 21, 2002.

Barbara Richards Campbell, Highland, IN, Attorney for Appellants.

Catherine A. Lake, Kristin A. Ulholland, Steven P. Polick & Associates, P.C., Highland, IN, Attorneys for Appellees.

## OPINION

MATHIAS, Judge.

Appellants Gloria O'Connell, Diane Pappas, Christopher Lis, George Kedangan, Mary Kedangan, Alex Gergely, Irene Gergely, Riley Stone, and Scherry Stone (collectively, "Appellants") appeal the Lake Circuit Court's order granting judgment on the pleadings to the Town of Schererville ("Town")... Appellants raise three issues on appeal, which we consolidate into one and restate as: whether the failure to provide adequate fire protection, one component of which is a well-maintained infrastructure with adequate water supply, is a governmental activity that falls within common law governmental immunity.

We affirm.

### Facts and Procedural History

The facts most favorable to Appellants show that on January 18, 1998, a fire occurred at Sherwood Lake Apartments, which is located in Schererville, Lake County, Indiana. The fire began when two maintenance men at the Sherwood Lake Apartment complex ignited a wall in an apartment while they were working on a pipe in the kitchen of that apartment with a torch. Firefighters from several different areas, including the Town of Schererville, arrived at the scene of the fire. When the firefighters arrived, they attached a hose to a nearby fire hydrant, but only a trickle of water came from the hose. After obtaining insufficient water pressure from the first fire hydrant, the firefighters moved the hose to two other nearby fire hydrants. Those hydrants also produced insufficient water pressure. Without sufficient water pressure, the fire could not be extinguished properly. One apartment building was completely destroyed, while another was partially destroyed.

On December 31, 1998, Appellants brought suit against the Town claiming that the Town was negligent in maintaining the fire hydrants. The Town filed a motion for judgment on the pleadings on July 18, 2001, arguing that it was a governmental entity and was therefore immune from liability due to claims arising from fire protection. Appellee's App. p.

36. The trial court granted the Town's motion on September 28, 2001, and Appellants filed a Motion to Correct Error on October 30, 2001, which was denied by the trial court on January 17, 2002. Appellants now appeal. Additional facts will be provided as necessary.

## Standard of Review

This appeal is taken from the trial court's order, which purportedly grants a motion for judgment on the pleadings. A judgment on the pleadings under Indiana Trial Rule 12(C) attacks the legal sufficiency of the pleadings. *Luhnow v. Horn*, 760 N.E.2d 621, 626 (Ind.Ct.App. 2001). When reviewing a trial court's decision on a motion for judgment on the pleadings, we only look to the pleadings. *Circle Ctr. Dev. Co. v. Y/G Ind., L.P.*, 762 N.E.2d 176, 178 (Ind.Ct.App.2002). The pleadings at issue alleged that:

27. On January 18, 1998, defendant, Town of Schererville of Lake County, Indiana, was material to this action, engaged in the business of municipal governmental entity and in care and control of the fire hydrants located within the Sherwood Lake Apartment complex within the Town of Schererville, Lake County, Indiana.

28. Defendant, Town of Schererville, failed to provide operable fire hydrants to serve plaintiffs.

29. Defendant, Town of Schererville, failed to provide adequate fire hydrants to serve plaintiffs.

30. Defendant, Town of Schererville, failed to provide adequate water pressure to serve plaintiffs.

Appellants' App. p. 19.

However, although denominated a ruling on the Town's motion for judgment on the pleadings, the case is actually an appeal from the grant of a motion for summary judgment, because the Appellants included attachments of excerpts of a deposition with their motion to oppose the judgment on the pleadings, and the trial court did not strike these attachments. Appellants' App. pp. 99, 132. Therefore, the proper standard of review is that for summary judgment.

Summary judgment is a procedural means to halt litigation when there are no factual disputes and to allow the case to be determined as a matter of law. *Langman v. Milos*, 765 N.E.2d 227, 233 (Ind.Ct.App. 2002). The moving party bears the burden of showing that there are no genuine issues of material fact. *Id.* If the moving party meets this burden, the burden shifts to the non-moving party to present facts showing the existence of a genuine issue for trial. *Id.* The standard of review for the grant or denial of a motion for summary judgment on appeal is the same as that used in the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. *Corr v. Am. Family Ins.*, 767 N.E.2d 535, 537 (Ind. 2002). Neither the trial court nor the reviewing court may look beyond the specifically designated evidence to make its decision. *Kennedy v. Guess Inc.*, 765 N.E.2d 213, 217 (Ind.Ct.App.2002). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Corr*, 767 N.E.2d at 538.

## Discussion and Decision

A governmental unit is subject to the same tort liability as a private individual, with a few limited exceptions. *Benton v. City of Oakland City*, 721 N.E.2d 224, 227 (Ind.1999). Under common law, a governmental unit can assert sovereign immunity for: (1) failure to provide adequate police protection to prevent crime; (2) appointment of an individual whose incompetent performance gives rise to a suit alleg-

ing negligence on the part of the official for making such an appointment; and, (3) judicial decision-making. *Id.* The idea behind immunity is that, "though the defendant might be a wrongdoer, social values of great importance require[ ] that the defendant escape liability." Prosser and Keeton on Torts § 131 (W. Page Keeton et al. eds., 5th ed.1984). The *Benton* court identified adequate police protection, the governmental appointment process, and judicial decision making as three of these social values, which require immunity. Our supreme court emphasized that this list was not exhaustive and stated that any additional exceptions would be rare and identified on a case-by-case basis, if the duty alleged to have been breached is so closely akin to one of the above exceptions that it should be treated as one. *Benton,* 721 N.E.2d at 230.

Appellants argue that the trial court erred when it granted the Town's motion for judgment on the pleadings because they believe the maintenance of fire hydrants is included in a municipality's infrastructure and that governmental immunity should not apply to municipal infrastructure. Relying on *City of Huntingburg v. Morgen,* 90 Ind.App. 573, 162 N.E. 255 (1928), they contend that because the negligence complained of was not the result of emergency personnel or firefighters extinguishing the fire, but instead was inadequate water pressure from actual fire hydrants, this case concerns the Town's infrastructure.

In *City of Huntingburg,* a man in the business of growing and selling flowers brought a suit against the city of Huntingburg for damages incurred by the failure of the city to furnish him with water in a sufficient quantity and pressure to maintain his business. *Id.* at 573, 162 N.E. at 256. A panel of this court concluded that the city was not immune from liability because it supplied water for daily consumption, and therefore, had the same liability as a private corporation engaged in the same business. *Id.* at 579, 162 N.E. at 257. The court further concluded that the purpose of supplying water to private consumers for private use is distinguishable from the purpose of supplying water to the public for fire protection. *Id.* at 578–79, 162 N.E. at 261.

Our case is distinguishable from *City of Huntingburg* because the malfunctioning hydrants do not present an issue of private, commercial use of water. Rather, our facts are the opposing comparison used by the *City of Huntingburg* court as an example of well-settled immunity: supplying water to the public for fire protection. *Id.*

Appellants also cite *Campbell v. State,* 259 Ind. 55, 284 N.E.2d 733 (Ind.1972), for the proposition that the doctrine of sovereign immunity has been eroded in Indiana. *Campbell* discussed *City of Goshen v. Myers,* 119 Ind. 196, 21 N.E. 657 (1889), which had previously held that a city could be liable for injuries caused by damaged bridges located on public streets in the city. *Id.* at 199, 21 N.E. at 658–59. *Campbell* also discussed the liability of municipalities under the governmental-proprietary function test, which was the standard at that time. *Campbell,* 259 Ind. at 58, 284 N.E.2d at 735. Under that standard, if a municipality was performing a proprietary function, it could be held liable for negligence, but if it was performing a governmental function, the municipality would be immune. *Id.* at 58, 284 N.E.2d at 735. However, the governmental/proprietary function test was abrogated by *Benton.* 721 N.E.2d at 230.

Appellants also rely on *Lamb v. City of Bloomington,* 741 N.E.2d 436 (Ind.Ct.App. 2001), to support their contention that there is potential liability for malfunction-

ing inanimate infrastructure and non-liability for protection by actual personnel. In *Lamb*, a group of tenants brought an action against the city of Bloomington alleging negligence because of the failure to provide adequate fire protection. *Id.* at 438. Their allegations included negligent maintenance of equipment, negligent performance of duty to extinguish fire, and intentional failure to maintain equipment, among others. *Id.* The court held that the failure to provide adequate fire protection should be treated as an exception to governmental tort liability, and that the city was immune from liability. *Id.* at 441. While Appellants interpret *Lamb* to stand for the proposition that only failure to provide adequate fire protection in the form of actual personnel is immune from liability, the tenants in *Lamb* also alleged negligent maintenance of equipment and intentional failure to maintain equipment. *Id.* at 438. These counts also fell within the *Lamb* court's holding of governmental immunity. *Id.* at 441.

The facts in this case are strikingly similar to *Gates v. Town of Chandler Water Department*, 725 N.E.2d 117 (Ind.Ct.App. 2000). In *Gates*, an action was brought against the town of Chandler alleging negligence arising out of the town's failure to maintain an adequate water supply and pressure to extinguish a fire that occurred at the Gates's home. *Gates v. Town of Chandler Water Dep't*, 720 N.E.2d 1192, 1194 (Ind.Ct.App.1999). The *Gates* court, upon rehearing in light of the decision in *Benton*, held that the failure to provide adequate fire protection should be regard-

ed as an exception to governmental tort liability, and that the Water Department was immune from liability. *Gates*, 725 N.E.2d at 120. The court stated "that adequate fire protection is so closely akin to adequate police protection that fire protection should be treated as an exception to governmental tort liability." *Id.* at 119. This is because:

> [b]oth services are essential for public safety, which is the primary function of government. Both are required to sustain a well-ordered society that values and protects the lives and property of its citizens. Police and fire protection rank together in the essential nature of the services provided. Government provides fire protection as an essential public service because fire, like crime, is a common enemy.

*Id.*

 The *Gates* court also affirmed the long recognized common law rule that a municipality is not liable to a person whose property is destroyed by fire even if the damage may have occurred because of the failure to provide adequate equipment or a sufficient supply of water to extinguish the fire. *Id.* This includes insufficient water pressure, insufficient lengths of hose, or improperly functioning fire hydrants. *Id.* Thus, the *Gates* reasoning controls our facts.

 Appellants want to denominate the issue in this case as one involving negligent repair and/or maintenance of infrastructure.[1] However, this case focuses

---

1. The Appellants also argue that sovereign immunity does not apply to fire hydrants, and the Town had a non-delegable duty to adopt standards and codes relating specifically to fire hydrants. They base this on Indiana Code section 36–1–3–3, the "Home Rule," which states "[a]ny doubt as to the existence of a power shall be resolved in favor of its

existence." They also rely on 675 Indiana Administrative Code 22–2.2–84 (1998), which states "[a] water supply capable of supplying the required fire flow, for firefighting purposes, as determined by local ordinance, shall be provided to all premises upon which Class 1 buildings or portions of Class 1 buildings are hereafter constructed." We believe ade-

on adequate fire protection, one component of which is a well-maintained infrastructure with adequate water supply. Because adequate fire protection is so closely akin to adequate police protection, it should be treated as an exception to governmental tort liability. *Gates,* 725 N.E.2d at 119.

■ Appellants also argue that the Town owed them a special duty to repair and maintain the fire hydrants. There is no admissible evidence supporting an alleged previous failure of the fire hydrants at issue, either in the Appellants' complaint or in the deposition transcript that was attached to their motion in opposition of the judgment on the pleadings. As we are only to look to the pleadings and designated materials in making a decision on whether a grant of summary judgment is correct, this allegation cannot be reviewed.[2]

There is no question that *Benton* relaxed Indiana's prior doctrine of governmental immunity. There is also no question that the precise scope of that immunity will remain undefined.

Few, if any, scholars and commentators could be found today to defend the full extent of governmental immunity. On the other hand, no one today urges that a judicial remedy be given for all the injuries that may result from mistaken governmental action, or that the courts should decide when governmental action of a political nature is mistaken. The proper sphere of governmental immunity will remain a vital question even under systems that relax the indefensi-

bly broad immunity which still prevails in most of our states.

Fowler V. Harper, Fleming James, Jr. & Oscar S. Gray, The Law of Torts, § 29.3 (2d ed.1986). However, we remain convinced that adequate fire protection, including all of its necessary infrastructure components, is so closely akin to adequate police protection that it is entitled to exception from the *Benton* rule that governmental tort liability is generally coextensive with private tort liability.

Affirmed.

BARNES, J., and VAIDIK, J., concur.

---

quate water supply and functioning hydrants are components of adequate fire protection, and as a matter of public policy, it is difficult to justify making governments the guarantors of all the fire hydrants within their jurisdiction, which their fire departments might use.

**2.** Appellants make no claim in their complaint and only passing mention in their brief of alleged failure to repair the fire hydrants at issue after alleged previous malfunction, a different claim.